(No. 33439.—

THE PEOPLE *ex rel.* Richard T. Carter, State's Attorney, Appellant, *vs.* ELMER TOUCHETTE, County Clerk, Appellee.

*Opinion filed March 24, 1955.*

RICHARD T. CARTER, State's Attorney, and KEVIN KANE, both of Belleville, (KENNETH J. JUEN, of counsel,) for appellant.

JOHN R. SPRAGUE, of Belleville, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

In December, 1953, the board of supervisors of St. Clair County appropriated for and levied a tax for county corporate purposes in the amount of $648,283.50. To produce such an amount, the county clerk would have been required to extend the tax at a rate of .10 cents on each $100 valuation, a rate well within the .125 cents limit set in section 25.05 of the Counties Act. (Ill. Rev. Stat. 1953, chap. 34, par. 25.05.) The clerk, however, on approximately June 1, 1954, extended the tax at a rate of .0840 cents on the $100, which, in the absence of authorization for a higher rate by the legal voters of the county, was the maximum rate authorized by section 162a of the Revenue Act. (Ill. Rev. Stat. 1953, chap. 120, par. 643a.)

Such a rate produced an amount some $141,000 less than had been appropriated and levied by the board. On July 13, 1954, a petition was filed in the circuit court in the name of the People on the relation of the State's Attorney for St. Clair County, praying for a writ of *mandamus* directing the clerk to extend the tax at the rate of .10 cents. As a basis for such relief the petition alleged that the provisions of section 162a became ineffective on December 31, 1952, and that a later enacted provision extending the effective date to December 31, 1953, is unconstitutional. In denying the petition, the trial court held that the later enacted statute was the one to be obeyed but made no ruling on its alleged unconstitutionality. The petitioner, hereafter referred to as appellant, prosecutes this appeal, and since the revenue is involved we have jurisdiction.

Appellee has raised a question of the sufficiency of appellant's brief and we think justifiably so, for it neither specifies the errors relied upon for reversal nor sets forth in verbatim any portion of the statute claimed to be invalid. The brief does not fully comply with the requirements of Rule 39 of this court. (Ill. Rev. Stat. 1953, chap. 110, par. 259.39.) We have held in the past, however, that the requirements of the rule are not jurisdictional but procedural and that an appeal will not be arbitrarily dismissed for noncompliance if a reading of the entire brief makes it possible for the court to determine the questions or issues sought to be raised. (*Swain* v. *Hoberg,* 380 Ill. 442; *Joyce* v. *Blankenship,* 399 Ill. 136; *Kinney* v. *City of Joliet,* 411 Ill. 289.) Though appellant's statement of the case and argument are not too clearly presented, we are inclined to hold that they sufficiently define the issues so as to bring the brief within the rule of the cited cases. Our action in refusing to dismiss the cause is not, however, to be construed as an effacement of the rule, and future litigants in this court are cautioned that continued or increas-

ing disregard of its requirements can only lead to strict and arbitrary enforcement.

Appellant has failed to argue, and so has abandoned, the contention that section 162a of the Revenue Act was ineffective when the tax in question was levied. There remain, therefore, but two issues fairly arising from his brief, first, the constitutionality of section 162a as it was last enacted by the legislature, (Laws of 1951, p. 1185,) and, second, whether the county clerk exceeded his authority in extending the rate he did.

Looking to the point last raised we find that the clerk not only had the authority to extend the lower rate, but, under the terms of section 162, (Ill. Rev. Stat. 1953, chap. 120, par. 643,) an express duty. In addition the section makes the following provision: "If the amount of any tax certified to the county clerk for extension shall exceed the maximum allowed by law, determined as above provided, such excess shall be disregarded, and the residue only treated as the amount certified for extension." It is stipulated here that appellee followed section 162a to the letter in extending the rate he did. Inasmuch as the rate limitation fixed by the legislature is valid and binding, appellant's argument that appellee's action of extending a lower rate was tantamount to levying the tax and of determining its legality, is completely without merit.

Though it is nowhere explicitly stated, it appears to be appellant's claim that section 162a constitutes special legislation in violation of section 22 of article IV of the Illinois constitution. No analysis of the statute or proof as to the effect of its enforcement has been given, and the sole argument and authority advanced by appellant is in the form of isolated quotations from our decision in *Kremers* v. *City of West Chicago,* 406 Ill. 546. In that case it was held that a statute which sought to establish variant tax rates for libraries in cities, villages and towns was invalid as being special legislation. Appellant rationalizes that

what was said there now compels us to hold section 162a subject to the same constitutional deficiency. We think it sufficient to meet the argument advanced to point out that the *Kremers case* is authority only for what was actually there decided, namely that the library statute was invalid. Section 162a of the Revenue Act was not involved, thus the decision cannot be controlling here. Further, the mere pointing out of analogies between the two statutes is not, of itself, sufficient argument upon which to fasten a contention of invalidity, or to provide this court for a basis of decision.

The record leaves us no alternative other than to affirm the judgment of the circuit court of St. Clair County.

*Judgment affirmed.*