LA SALLE NATIONAL BANK, Trustee, Appellant, v. THE COUNTY OF COOK *et al.,* Appellees.—OAK PARK TRUST AND SAVINGS BANK, Trustee, Appellant, v. THE COUNTY OF COOK *et al.,* Appellees.

*Opinion filed May 29, 1974.*

Hackbert, Rooks, Pitts, Fullagar and Poust, of Chicago (Alan S. Ganz, of counsel), for appellants.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Chief of Civil Division, and Henry A. Hauser, Assistant State's Attorney, of counsel), for appellee County of Cook.

James A. Ronan, of Chicago (Gerald W. Shea, of counsel), for appellee Forest Preserve District of Cook County.

McLaughlin, Kinser & Bryant, of Chicago (Harry L. Kinser and Edward J. McLaughlin, of counsel), for appellee the Suburban Cook County Tuberculosis Sanitarium District.

Allen S. Lavin, of Chicago (Frederick M. Feldman and Vincent P. Flood, of counsel), for appellee Metropolitan Sanitary District of Greater Chicago.

MR. JUSTICE RYAN delivered the opinion of the court:

Plaintiff, La Salle National Bank, as trustee under a land trust, filed five separate suits in the circuit court of Cook County. Four of the suits were filed as class actions. These each name certain taxing units and taxing officials of Cook County as defendants and seek injunctive relief and a refund of taxes which the complaints allege are based on excessive assessments. Each complaint also seeks a declaratory judgment declaring certain assessment procedures invalid. The fifth suit was not brought as a class action and seeks only an injunction prohibiting defendants from assessing, levying, collecting or distributing certain real estate taxes. These five suits were consolidated in the trial court and were dismissed on motion of the defendants.

Plaintiff, Oak Park Trust and Savings Bank, as trustee under a land trust, represented by the same attorney who represented the La Salle National Bank in the five cases mentioned above, filed a complaint in five counts in the circuit court of Cook County. Three of the counts are class actions and two counts seek relief for the individual plaintiff. The complaint challenges the validity of certain assessment procedures and seeks an injunction prohibiting the assessing, levying, collecting, or distributing of certain taxes computed on an assessment in excess of an amount contended for by the plaintiff. Count V prays for a declaration that the rules and regulations used in the assessment procedures are invalid. On motion of the defendants the trial court also dismissed all counts of this suit. The issues raised in the cases filed by the La Salle National Bank and those raised in the case filed by the Oak Park Trust and Savings Bank are substantially the same. The

primary difference between the La Salle National Bank cases and the Oak Park Trust and Savings Bank case is found in the different classes purportedly represented. The La Salle National Bank, as trustee, appealed from the order dismissing the five suits and the Oak Park Trust and Savings Bank, as trustee, appealed from the order dismissing the five counts of its complaint. The appeals were transferred to this court pursuant to Rule 302(b) (50 Ill.2d R. 302(b)) and consolidated here for argument and opinion.

Pursuant to section 43 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 524), Cook County has been divided into four assessment districts for purposes of real estate tax assessments. The districts are numbered 1, 2, 3 and 4 and are referred to as quadrants. The quadrennial assessment of real estate is made in a different year in each district or quadrant. The validity of this method of making quadrennial assessments of real estate in Cook County has been upheld by this court in *Apex Motor Fuel Co. v. Barrett,* 20 Ill.2d 395. Both plaintiffs own real estate classified by the assessor of Cook County as "Class 93/Industrial." The property is located in quadrant 1, for which the quadrennial assessment was made in 1972.

Some of the defendants which are taxing districts filed motions which allege that the plaintiffs did not have authority as land trustees to institute the actions. However, the motions filed by the defendants who are taxing officials do not challenge the authority of the two banks to institute the suits. It is apparent that the dismissals in the trial court were not based on the lack of the plaintiffs' authority to sue. For purposes of this motion we will treat the plaintiffs as having the authority to institute the actions.

Since our disposition of this appeal affirms the judgment of the circuit court for the reasons set forth later in the opinion, it is unnecessary for us to determine

whether these suits are proper class actions. It is also not necessary for us to decide whether all of the taxing districts of the county must be made defendants. The latter contention has been advanced because, it is urged, certain relief prayed in the complaint would adversely affect the taxes levied by every taxing district in Cook County.

Since both injunctive relief and declaratory judgment are sought, we must consider whether the same rules which may prohibit injunctive relief likewise operate to prevent relief under the declaratory judgment statute (Ill. Rev. Stat. 1971, ch. 110, par. 57.1). A general principle of equity prohibits injunctive relief if the plaintiff has an adequate remedy at law. (See 7 Ill. Law & Practice, Chancery, sec. 31.) Generally the existence of another remedy does not preclude declaratory relief. (*American Civil Liberties Union v. City of Chicago,* 3 Ill.2d 334.) This court has held, however, that in cases challenging the validity of a tax assessment, declaratory judgment is not a viable alternative to the statutory remedies provided by the Revenue Act. In such cases relief should not be afforded by way of declaratory judgment in cases which would not have merited relief by way of injunction. (*Goodyear Tire and Rubber Co. v. Tierney,* 411 Ill. 421; *American Civil Liberties Union v. City of Chicago; People ex rel. Hamer v. Jones,* 39 Ill.2d 360; see also *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 87 L. Ed. 1407.) Therefore, the same principles which we hereafter hold prohibit the granting of an injunction in this case likewise prohibit granting declaratory relief.

The complaints of the plaintiffs raise a substantial number of issues, all of which relate to the assessment of the plaintiffs' properties for real estate tax purposes. Generally the contention is that the plaintiffs' properties are assessed higher than plaintiffs contend they should be. Plaintiffs also complain about the rules and procedures of both the Cook County assessor and the Cook County

Board of Appeals, and they contend that the statute provides for no meaningful judicial review for Cook County taxpayers, whereas judicial review is provided for taxpayers outside of the county (Ill. Rev. Stat. 1971, ch. 120, pars. 592.1 through 592.4). The plaintiffs contend that these alleged deficiencies result in a violation of their constitutional rights of due process and equal protection of the laws.

This court has often held that the taxation of property is a legislative and not a judicial function and that the courts will not review the assessments of property upon which taxes are based unless the assessments are fraudulent or constructively fraudulent. *White v. Board of Appeals,* 45 Ill.2d 378; *People ex rel. Nordlund v. Lans,* 31 Ill.2d 477; *People ex rel. Callahan v. Gulf, Mobile and Ohio R.R. Co.,* 8 Ill.2d 66; *People ex rel. Tedrick v. Allied Oil Corp.,* 388 Ill. 219.

Recently this court in *Clarendon Associates v. Korzen,* 56 Ill.2d 101, refused to allow equitable relief by way of injunction in a case of alleged constructively fraudulent assessments of real estate. We held that equity would only assume jurisdiction to enjoin the collection of taxes in cases where: (1) the tax is unauthorized by law, or (2) in cases where the tax is levied upon exempt property. In cases of fraudulent assessments we held that equity will grant relief only if an adequate remedy at law is not available. In *Clarendon* we held that the remedy at law provided by way of paying the taxes under protest and filing objections to the application for judgment provided an adequate remedy at law. Ill. Rev. Stat. 1971, ch. 120, pars. 675 and 716.

Our opinion in *Clarendon* was filed subsequent to the date the plaintiffs (appellants) filed their original briefs but prior to the date of the filing of their joint reply brief. In the reply briefs the plaintiffs' attempt to bring their cases within the two exceptions stated in *Clarendon* by contending that since the complaints allege that certain statutes,

rules and regulations relating to assessments are unconstitutional, the assessments and taxes based thereon are "unauthorized by law."

However, an examination of the five-count complaint filed by Oak Park Trust and Savings Bank reveals that this plaintiff in both the three counts that are class actions and the two counts that are brought on behalf of the plaintiff individually is simply complaining that the property has been assessed at an excessively high value. This, the complaint charges, has resulted in various deprivations of constitutional rights. These allegations do not bring this case within the ambit of the "tax unauthorized by law" exception stated in *Clarendon*. This court stated in *Goodyear Tire and Rubber Co. v. Tierney*, 411 Ill. at 428-429:

> "Appellant's real complaint, as evidenced by a careful study of its brief and argument, is not that it was assessed but rather that it was assessed for too high a figure. Under the principles set forth in our earlier decisions, this case, therefore, does not involve the attempted imposition of a tax unauthorized by law ***."

We reach the same conclusion in the present case and conclude that the plaintiff has not alleged grounds for relief by way of injunction or declaratory judgment. The legal remedy by way of payment under protest followed by objections to the application for judgment for delinquent taxes provides an adequate remedy at law wherein the alleged irregularities and violations of plaintiffs' constitutional rights may be litigated and, if warranted, relief granted. This court has held that it is proper to raise constitutional questions arising from alleged improper assessments in this manner. *People ex rel. Callahan v. Gulf, Mobile and Ohio R.R. Co.*, 8 Ill.2d 66, at 69; *People ex rel. Ross v. Chicago, Milwaukee, St. Paul and Pacific R.R. Co.*, 381 Ill. 58, at 61.

The same conclusion must be reached concerning four of the complaints filed by the plaintiff, La Salle National Bank. However, the fifth case, No. 72 CH 6946, which was filed by the La Salle National Bank, as trustee, individually, and on behalf of a class of persons constituting "all owners of real estate in Cook County, Illinois, owning or paying real estate taxes in Cook County, Illinois," requires further consideration. The basis for the allegations in this case is found in section 4(b) of article IX of the 1970 Illinois Constitution, which provides, insofar as pertinent to this case, as follows:

> "(b) Subject to such limitations as the General Assembly may hereafter prescribe by law, counties with a population of more than 200,000 may classify or to continue to classify real property for purposes of taxation. Any such classification shall be reasonable and assessments shall be uniform within each class.

It is the plaintiff's contention that the assessment of real estate in Cook County is based upon classifications of the real estate which have been made by the county assessor and not by the Cook County Board of Commissioners. The plaintiff contends that before any classification of real estate can be made for assessment purposes some action must be taken by the board of commissioners making or authorizing such classification. Plaintiff alleges that no action in this regard was taken by the board of commissioners and that therefore the classifications of real estate in Cook County which have been made by the county assessor are invalid and all assessments based thereon are void.

The plaintiff contends that the proceedings and debates of the constitutional convention support its contention. After examining the same we come to a contrary conclusion. The Committee on Revenue and Finance, with regard to real property taxation, submitted the original proposal to the convention which provided:

> "Any county over 200,000 population is authorized to classify real property for taxation purposes. The General Assembly shall establish a system of classification of 'real property for taxation purposes, which system may be adopted by any other county ***."

The committee's explanation for this proposal states:

> "A county of more than 200,000 population may continue its present classification practices or establish a system of classification by action of the county governing board without any further approval from the General Assembly." 7 Record of Proceedings, Sixth Illinois Constitutional Convention 2108. (Hereafter referred to as Proceedings.)

The debates on this proposal reflect that the delegates were well aware of the existing *de facto* classification of real estate in Cook County by the assessor and that the proposal of the Committee on Revenue and Finance would permit this practice to continue without requiring any action by the Cook County Board. To prevent this practice from continuing, an amendment was offered by Delegate Netsch which would have specifically required that any classification of real property be accomplished by the county board. (3 Proceedings 1989, 1990, 1992.) At page 1996 Delegate Netsch stated with regard to the committee's proposal:

> "I am persuaded *** that the intent of the Revenue and Finance Committee *** was to give the counties over 200,000 directly the power to classify, and specifically in the case of Cook County to allow the classification to continue in existence as it is at the present time without any formal action by any elected authority ***. I think the report makes it entirely clear and, in fact, the report was changed at one point to make it entirely clear that Cook County would be able to continue its assessment system without any formal action by any other body."

The Netsch amendment to the committee proposal was adopted. (3 Proceedings 1997.) Later the same day Delegate Karns proposed an amendment to the same section which amendment would strike the portion of the

previously amended committee proposal and substitute therefor the following:

> "Taxes upon real property shall be levied uniformly by valuation which shall be ascertained in such manner as the General Assembly shall prescribe by law—provide by law, provided that, subject to such limitations as the General Assembly may hereafter prescribe by law, counties may classify or continue to classify real property for purposes of taxation." (3 Proceedings 2021.)

Delegate Karns was asked by Delegate Leahy about the effect of his amendment. "Does it, in essence, just continue what we have today, subject to future restriction or expansion *** by the General Assembly?" Delegate Karns replied: "Correct." Delegate Netsch then offered an amendment to the Karns amendment, the effect of which as Delegate Netsch stated: "What it does is to insert into Mr. Karns's language *** the amendment that was approved earlier this morning by the convention specifying that it is the legislative authority—that is, the county board of any county—which may do the classification of real property under this system." Later, Delegate Netsch again stated: "The purpose, again, is to make it clear that it is the legislative authority of the county which would be vested with the responsibility for adopting a classification system on behalf of the county." (3 Proceedings 2023.) The proposed amendment offered by Delegate Netsch to the Karns amendment failed. (3 Proceedings 2024.) The Karns amendment was then adopted. 3 Proceedings 2029.

The Committee on Style, Drafting and Submission incorporated the Karns amendment into the revision of the revenue article for consideration of the convention on second reading (7 Proceedings 2234), and with slight modifications the same was incorporated into the final draft of the constitution adopted by the convention. 7 Proceedings 2736.

It appears from these proceedings that there was a diligent attempt to incorporate into section 4(b) of article IX a specific requirement that classification of real

property be made by the governing body of the county and not by an assessor. It is also clear that the convention was aware of the practices in Cook County, and without such a provision the language of the original proposal and of the Karns amendment would permit the continuation of these practices which permitted the Cook County assessor to classify real property for purposes of taxation. The attempt to incorporate these restrictions, though originally successful, ultimately failed.

The section as adopted provides:

> "Subject to such limitations as the General Assembly may hereafter prescribe by law, counties with a population of more than 200,000 may classify *or to continue to classify* real property for purposes of taxation." (Ill. Const. (1970), art. IX, sec. 4(b).) (Emphasis added.)

The italicized language must be construed as authorizing the continuance of classification by the assessor in Cook County. This authority, of course, is subject to such limitation as the General Assembly may prescribe by law. The General Assembly has now prescribed limitations on this authority. Public Act 78—700 added section 20a to the Revenue Act of 1939, as follows:

> "Where real property is classified for purposes of taxation in accordance with Section 4 of Article IX of the Constitution and with such other limitations as may be prescribed by law, such classification must be established by ordinance of the county board. If not so established, the classification is void." Ill. Rev. Stat. 1973, ch. 120, par. 501a.

The effective date of this act was January 1, 1974, and the amendatory act also provided: "Nothing in this Act shall be construed to impair the validity of assessments made or taxes imposed prior to the effective date of the Act."

The assessments based upon classifications of real property made by the Cook County assessor without action by the county board are valid and the complaint in No. CH 72 6946 was properly dismissed.

The plaintiffs contend that the doctrine of construc-

tive fraud, which has restricted judicial review of real estate assessments, was eliminated by the 1970 Constitution. Plaintiffs argue that, by the elimination of the language from the 1870 Constitution upon which the doctrine of constructive fraud was based, the delegates intended to authorize the review of assessments in an action in equity.

Section 1 of article IX of the Constitution of 1870 provided:

> "The general assembly shall provide such revenue as may be needful by levying a tax, by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property—*such value to be ascertained by some person or persons, to be elected or appointed in such manner as the general assembly shall direct, and not otherwise;***.*" (Emphasis added.)

Section 4(a) of article IX of the Constitution of 1970 provides:

> "Except as otherwise provided in this Section, taxes upon real property shall be levied uniformly *by valuation ascertained as the General Assembly shall provide by law.*" (Emphasis added.)

The plaintiffs contend that by virtue of the difference in the italicized language in the two sections set out above the constitutional convention has eliminated the restrictive language of the 1870 Constitution which prohibited judicial review of assessments other than on the basis of constructive fraud. We cannot accept this argument.

Under section 4(a) of article IX of the 1970 Constitution it is the General Assembly which has the authority to determine how and by whom the valuation of the property shall be ascertained. The constitutional debates contain only slight reference to the subject of judicial review of assessments. Delegate Karns, who had submitted the proposed amendment, was asked if he would be amenable to the insertion of some phrase or clause in his amendment which would make judicial review more likely. Delegate Karns indicated he would not. The discussion further

indicated that judicial review under the proposed amendment would be limited to substantially the same areas that had previously been delineated by decisions of this court. (3 Proceedings 2023.) The difference in the language used in the 1970 Constitution from that used in the 1870 Constitution, which is italicized above, has not altered the scope of judicial review of real estate tax assessments.

We conclude that the circuit court of Cook County properly dismissed the complaints of the plaintiffs. The judgments of that court are affirmed.

*Judgments affirmed.*