748

Julius Lopin, Plaintiff-Appellant, v. P. J. Cullerton, County Assessor, et al., Defendants-Appellees.—(Aldens Properties, Inc., Plaintiff-Appellant, v. P. J. Cullerton, County Assessor, et al., Defendants-Appellees.)

(Nos. 57815-6 cons.;

First District (3rd Division)—February 20, 1975.

McCracken & Walsh, of Chicago (David E. McCracken, III, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Henry A. Hauser, and Michael Kreloff, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, Julius Lopin and Aldens Properties, Inc., each filed separate complaints in chancery in the circuit court of Cook County against the

defendants, county assessor, county clerk and county treasurer, ex-officio collector, to enjoin the alleged constructively fraudulent assessments of the real property of the respective plaintiffs and the collection of the taxes resulting therefrom for the year 1970. The trial court sustained defendants' motions to dismiss each of the foregoing complaints. Each plaintiff appeals from the respective order of dismissal. The causes have been consolidated on appeal.

On appeal, each plaintiff contends that the doctrine of exhaustion of remedies should not be applied to bar the present proceedings and, in the alternative, that the plaintiffs be excused from exhausting the administrative remedies for the reason that section 115 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 596) is insufficient to meet the standards of notice required by due process of law. Plaintiff Lopin additionally contends that he does not have an adequate remedy at law inasmuch as his filing an objection in the County Division did not constitute an election of remedies and that the dismissal of such objection left him without a legal remedy which he could pursue.

We affirm each of the orders dismissing the complaints for injunctive relief. The pertinent facts follow.

(No. 57815) *Julius Lopin, plaintiff:*

Plaintiff Lopin, under protest, paid the 1970 real estate taxes on property located at 1014 South Kildare Avenue, Chicago. On January 20, 1972, he filed an objection to the application of the Cook County treasurer for judgment and order of sale as to his property pursuant to section 194 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 675). On January 27, 1972, plaintiff Lopin commenced the chancery action from which the instant appeal arises, to enjoin the collection of excess taxes for the year 1970. In each of his proceedings he alleged that the 1970 assessed valuation of $423,653, as fixed by the assessor, and the taxes collected thereon, are grossly excessive, illegal, confiscatory, fraudulent and void because the assessment is grossly in excess of the full fair valuation thereof and to the extent that the 1970 assessed valuation exceeds $32,500, being 50 percent of the purchase price at a fair and voluntary sale of the subject property on October 23, 1970. On March 15, 1972, "on the motion of the objector to voluntarily dismiss" his objection as to subject property, the county division of the circuit court entered an order dismissing the objection "with prejudice."

On May 17, 1972, defendants moved to dismiss plaintiff's complaint in chancery and alleged in part that plaintiff had an exclusive and adequate remedy at law; that plaintiff filed his objection and voluntarily withdrew the same; that equity lacks jurisdiction to enjoin the collection of taxes; and that plaintiff's complaint failed to allege the exhaustion of

administrative remedies or a reasonable reason for not doing so. On May 17, 1972, the trial court dismissed plaintiff's complaint in chancery with prejudice, from which order plaintiff Lopin appeals.

(No. 57816) *Aldens Properties, Inc., plaintiff:*
Plaintiff Aldens filed a complaint in chancery for injunctive relief in the circuit court of Cook County on January 23, 1972. Plaintiff alleged in part that it had paid, under protest, the 1970 real estate taxes for its property located at 1916 South Laramie Avenue, Cicero, and that the 1970 assessed valuation of $535,204, as fixed by the assessor, and the taxes collected therefrom are grossly excessive, illegal, confiscatory, fraudulent and void because the assessment is grossly in excess of the full fair valuation thereof, and to the extent that the 1970 valuation exceeds $287,500, being 50 percent of the sale price at a fair voluntary sale on July 28, 1971. On February 10, 1972, defendants filed a motion to dismiss the complaint in chancery and alleged in part that there is an exclusive and adequate remedy at law which plaintiff should pursue and is pursuing in its objection No. 179; that equity lacks jurisdiction to enjoin the collection of the taxes and that the complaint fails to allege that plaintiff has exhausted its administrative remedies or a justification for not so doing.

On May 17, 1972, the trial court, upon a hearing of the motion, dismissed plaintiff's complaint in chancery with prejudice, from which order plaintiff Aldens appeals.

## I.

Plaintiffs contend that the doctrine of exhaustion of remedies should not be applied as a bar to the present action in chancery to challenge an allegedly fraudulent and excessive assessment. Plaintiffs first argue that section 115 of the Revenue Act of 1939 (Ill. Rev. Stat. 1969, ch. 120, par. 596), in providing notice of the time during which complaints may be filed before the Board of Appeals of Cook County, violates due process of law in that (1) a newspaper publication is insufficient; (2) the statute fails to fix a date certain for filing; and (3) it is further insufficient in requiring only one newspaper publication 10 days before the time for filing terminates.

■■ This issue was considered upon a consolidated hearing with another case as to whether proceedings there by objection to an application for judgment and sale were barred for failure to exhaust a statutory remedy through the Board of Appeals to review 1969 real estate tax assessments. In an opinion filed this date (*In re Application of County Treasurer v. American National Bank & Trust Co.*, 26 Ill.App.3d 753, —— N.E.2d ——), we held that the statute is not violative of due process, and that determination is here dispositive of the issue.

## II.

The specific issue next presented is whether the failure of plaintiffs to exhaust the statutory remedy available before the Board of Appeals of Cook County bars an action in equity to challenge the allegedly fraudulent and excessive assessment. Defendants maintain that plaintiffs had each pursued the remedy at law provided by statute by filing objections to the 1970 application for judgment and sale which was adequate, and that therefore, equity lacked jurisdiction. Defendants additionally argue that once plaintiffs elected a forum by filing objections to the application for judgment and sale in the county division of the circuit court as provided by statute (Ill. Rev. Stat. 1969, ch. 120, par. 675), plaintiffs had no right to also file separate proceedings in equity. As to the question of election, defendants rely on *Illinois Institute of Technology v. Skinner* (1971), 49 Ill.2d 59, 273 N.E.2d 371, in which it was held that although equity will take jurisdiction where property is exempt from taxation, if the party elects the remedy before the board of review he is not thereafter allowed to abandon it and then go into equity; but he may go into equity in the first instance and have relief. The court there held the statutory remedy to be adequate, and when its decision was invoked, to be exclusive. The rule there established was that where remedies are provided by statute which are cumulative, such remedies are exclusive only where they have been first invoked by the taxpayer. Plaintiffs reply that the rule in *Skinner* is not applicable because plaintiffs did not initiate the action at law and because the objections at law were not decided on substantive grounds, but rather for lack of jurisdiction, reasoning that the law court refused to take jurisdiction, after which plaintiffs here filed actions in chancery.

The record in each of the instant cases is devoid of any allegation in the complaint that the remedy at law is or was inadequate. We note that plaintiff Lopin filed an objection to the treasurer's application for judgment and sale which indicates that on his motion "to voluntarily dismiss," objection No. 178 relating to the subject property was ordered "dismissed with prejudice." Although the record does recite that plaintiff Aldens filed objection No. 179, no order of the county division is included as to its disposition. In accordance with *Skinner*, any determination of jurisdiction on the merits of the objection provided a forum as well as a remedy. "The legal remedy by way of payment under protest followed by objections to the application for judgment for delinquent taxes provides an adequate remedy at law wherein the alleged irregularities and violations of plaintiffs' constitutional rights may be litigated and, if warranted, relief granted. This court has held that it is proper to raise constitutional questions arising from alleged improper assessments in this

manner." *La Salle National Bank v. County of Cook* (1974), 57 Ill.2d 318, 324, 312 N.E.2d 252.

In the absence of any allegation or showing of inadequacy in the remedy at law, we need not decide whether the plaintiffs have made an election. The remedy through the Board of Appeals and by objection proceedings must be regarded as adequate and exclusive. Whether the objections in the instant cases were dismissed voluntarily or involuntarily, or for want of jurisdiction, or on the merits, is immaterial. The remedy there is exclusive, and if warranted, an appeal therefrom may be prosecuted. Plaintiffs' contention that they did not initiate the proceedings for judgment and sale is without merit.

The law is now well established that equity will not assume jurisdiction unless special grounds for equitable jurisdiction are established and unless the plaintiff does not have an adequate remedy at law subject to two exceptions; namely, where a tax is unauthorized by law or is levied upon exempt property. The rule does recognize that other than in cases involving the two exceptions, a special ground for equitable jurisdiction, such as fraudulently excessive assessment, must exist *and* an adequate remedy at law must not be available. (*Clarendon Associates v. Korzen* (1973), 56 Ill.2d 101, 306 N.E.2d 299.) In *Clarendon* the court held that the process of paying taxes under protest and for filing objections to the application for judgment and sale is an adequate remedy at law. Consistent therewith the plaintiffs in the instant case had paid their taxes in full, under protest, and if plaintiffs had prevailed on the merits of the objections they filed, they had an adequate remedy at law. Nor were the assessments in the instant case so excessive as to render the remedy at law unavailable to plaintiffs. The orders of dismissal were appropriate.

### III.

For the reasons stated, the orders of the trial court dismissing each of the complaints in chancery are affirmed.

Affirmed.

McGLOON, P. J., and McNAMARA, J., concur.