MINARD E. HULSE, JR., Plaintiff-Appellant, *v.* FRANK A. KIRK, Director of the Department of Local Government Affairs, *et al.*, Defendants-Appellees.

(No. 60476;

First District (3rd Division)—May 1, 1975.

Price, Cushman, Keck, Mahin & Cate, of Chicago (Robert S. Cushman and Thomas E. Brannigan, of counsel), for appellant.

William J. Scott, Attorney General, of Chicago (Jerrald Abrams, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an action for a declaratory judgment and an injunction commenced by plaintiff, Minard E. Hulse, Jr., as a taxpayer on behalf of himself and all other locally assessed taxpayers in Cook County, to prevent the defendants from certifying and applying the State real estate tax multiplier to the assessments made by the County Assessor of Cook County for 1974 and subsequent years. The defendants are Frank A. Kirk, Director of the Department of Local Government Affairs of the State of Illinois (Department) and Stanley T. Kusper, Jr., County Clerk of Cook County, Illinois (Clerk). Defendants filed separate motions to dismiss, which were sustained, and the trial court entered judgment dismissing the action. Plaintiff appeals.

The gist of plaintiff's complaint in the trial court and his argument here on appeal is that since the purposes and objectives of the real estate equalization statutes (Ill. Rev. Stat. 1971, ch. 120, par. 611 *et seq.*) are contrary to and inconsistent with the Real Property Assessment Classification Ordinance adopted by the County of Cook on December 17, 1973, pursuant to authority granted in section 4(b) of article IX of the Illinois Constitution of 1970 and subsequent statutory mandate (Ill. Rev. Stat. 1973, ch. 120, par. 501a), "the equalization sections of the Revenue Act of 1939 as amended cannot lawfully and constitutionally be applied to Cook County for the taxes of the year 1974 and subsequent years." The aforesaid classification ordinance divides real estate in Cook County into five classifications and provides that the lowest class shall be assessed at 22% and the highest class at 40% of market value. It is argued that section 9 of the Transition Schedule to the Constitution of 1970, which was also adopted by the electorate, prohibits the application and enforcement of those statutes presently in force which are inconsistent with the provisions of the new Constitution.

It is contended that the entire scheme of assessing different classes of real estate at differing percentages of market value as authorized by the 1970 Constitution is contrary to and inconsistent with section 146 *et seq.* of the Revenue Act (Ill. Rev. Stat. 1971, ch. 120, par. 627 *et seq.*) and the purpose stated therein to equalize assessments on a county-by-

county basis throughout the State in such a manner as to produce within each county a ration of assessed to full, fair cash value equivalent to 100%. Plaintiff maintains, therefore, that the above equalization statutes are invalid, at least as to Cook County, and that the Department will certify and the Clerk will apply a multiplier unless enjoined. In paragraph 10 of the complaint plaintiff specifically alleges that he "and the owners of real estate and personal property on whose behalf he is acting, have no remedy to prevent the threatened illegal increase in their assessments by the defendants except through a declaration [sic] judgment or an injunction entered in or ordered to issue by decree of this Court."

Defendant Kusper, in his motion to strike and dismiss the complaint, alleged that the complaint failed to state a cause of action; that the plaintiff has an adequate remedy at law; that the complaint fails to allege facts indicating imminent irreparable injury; that declaratory relief is improper because plaintiff has failed to show any right to injunctive relief; and the complaint is not properly brought as a class action. Defendant Kirk, in his motion to strike and dismiss the complaint, alleged failure to state a cause of action; failure to exhaust administrative remedies; failure to indicate imminent irreparable injury; and the complaint's failure to state a proper cause of action as a class action.

Preliminarily, the court's jurisdiction to entertain plaintiff's action for declaratory and injunctive relief must be determined. Since our disposition of this appeal affirms the judgment of the circuit court for the reasons hereinafter set forth, the question whether the suit was commenced as a proper class action need not be reached.

■■ The sufficiency of the allegations of the complaint and the nature of the relief sought are of primary importance here. It has often been held that declaratory judgment is not a viable alternative to the statutory remedies provided by the Revenue Act (*La Salle National Bank v. County of Cook* (1974), 57 Ill.2d 318, 322, 312 N.E.2d 252), and that relief should not be afforded under the Declaratory Judgment Act (Ill. Rev. Stat. 1971, ch. 110, par. 57.1) in any tax case which would not merit relief in equity by injunction. (*Goodyear Tire & Rubber Co. v. Tierney* (1952), 411 Ill. 421, 431, 104 N.E.2d 222; *People ex rel. Hamer v. Jones* (1968), 39 Ill.2d 360, 369; *La Salle National Bank v. County of Cook*, 57 Ill.2d 318, 322.) It is clearly established that taxation of property is a legislative and not a judicial function (see *La Salle National Bank v. County of Cook*, 57 Ill.2d 318, 323), and that the judiciary has no power to supervise the legislative branch of our State government. (*Slack v. City of Salem* (1964), 31 Ill.2d 174, 177, 201 N.E.2d 119.) The usual and preferred vehicle through which judicial relief from improper, erroneous or otherwise excessive assessments is sought and gained is the

legal remedy provided by statute for paying taxes under protest and filing objections to the application for judgment. (Ill. Rev. Stat. 1971, ch. 120, pars. 675, 716; *Clarendon Associates v. Korzen* (1973), 56 Ill.2d 101, 104, 306 N.E.2d 299.) The general rule in the field of taxation is that equity will not assume jurisdiction where a remedy at law exists and that remedy is adequate. (See *Clarendon Associates v. Korzen.*) Regardless of the adequacy of the remedy at law, a taxpayer may seek relief by way of injunction in two cases: (1) where the tax is unauthorized by law, or (2) where a tax is levied upon property which is exempt from taxation. *La Salle National Bank v. County of Cook; Clarendon Associates v. Korzen.*

In all other cases where injunctive and declaratory relief is sought from allegedly excessive property assessments, it must be presumed that the remedy at law is adequate. The taxpayer must therefore allege in his complaint for injunctive relief a special ground for equitable jurisdiction, such as a fraudulently excessive assessment, and also allege that an adequate remedy at law is not available. (See *Clarendon Associates v. Korzen; La Salle National Bank v. County of Cook.*) The question of whether in a particular case equity will assume jurisdiction depends always on the merits as disclosed by the facts and circumstances set up in the complaint. *Ames v. Schlaeger* (1944), 386 Ill. 160, 166, 53 N.E. 2d 937.

The instant complaint must be examined to determine whether plaintiff has pleaded sufficient allegations to come within either of the two exceptions stated in *Clarendon*, or if not, whether he has sufficiently pleaded an independent ground for equitable relief and also the lack of an adequate remedy at law.

In his complaint plaintiff alleged that he brings this action "on behalf of himself and all other owners of taxable real and personal property in Cook County, Illinois, which is assessed by the County Assessor of Cook County, Illinois"; that the Director has the duty to equalize the assessments in Cook County as made by the local assessing authorities insofar as the statutory provisions (Ill. Rev. Stat. 1971, ch. 120, pars. 627, 629a, 630 and 632) are not in conflict with the classification ordinance adopted by the County Board as authorized by article IX, section 4(b) of the Constitution of 1970; that defendant Clerk is required to apply the multiplier as certified to him by defendant Director to the local assessments and to use the assessments thus equalized in computing tax rates and in extending rates; that the purpose of the equalization provisions noted above is inconsistent with the classification ordinance of Cook County adopted under the authority of the 1970 Constitution; that the scheme of assessing different classes of real estate at differing

percentages of market value is contrary to and inconsistent with the equalization provisions of the Revenue Act of 1939 as amended (Ill. Rev. Stat. 1971, ch. 120, pars. 628, 629a, 630, 632, 642 and 643); that section 9 of the Transition Schedule to the Constitution of 1970 prohibits the application and enforcement of existing laws which are contrary to or inconsistent with the new constitution; that the defendant Director will, without authority, certify a multiplier, and the defendant Clerk will apply the multiplier to all local assessments of real and personal property in Cook County; that "[p]laintiff and the owners of real estate and personal property on whose behalf he is acting, have no remedy to prevent the threatened illegal increase in their assessments"; and that the matters alleged in the complaint are urgent. In the prayer of the complaint plaintiff seeks a declaration that the Director has "no legal right to and cannot lawfully" certify a multiplier to defendant Clerk; a declaration that defendant Clerk may not apply any multiplier certified to him to the assessments of real and personal property made by the assessor of Cook County; and that the defendants be enjoined from respectively certifying and applying any multiplier to assessments made by the assessor in Cook County for the year 1974 and subsequent years.

In his brief filed with this court, plaintiff argues that the complaint alleges sufficient facts to show the threat of imminent irreparable injury. Although in paragraph 10 of the complaint he concludes that he has no remedy to prevent the threatened illegal *increase* in assessments, he does not allege any facts to show that the Department will certify such a multiplier as will *increase* assessments. The Revenue Act of 1939 as amended, in section 146, grants the Department authority to either increase or decrease the total assessed value of property in any county, and in Section 149 expressly provides that no rate per cent whatever shall be so certified in certain instances (Ill. Rev. Stat. 1971, ch. 120, pars. 627, 630). Plaintiff's conclusion that the application of a multiplier will result in an increase in assessments in Cook County is without foundation. No facts have been alleged in the complaint to support plaintiff's speculation as to the proposed action of the Department.

In the instant case the complaint does not allege that all property in Cook County is exempt from taxation; nor does the complaint allege that the tax will be levied without authority of law. There is no allegation that the tax is unauthorized or that the assessments are made without authority of law. Plaintiff is simply complaining that due to the alleged unlawful acts of the Department the assessments as equalized shall be in excess of that allowed by law. Plaintiff's complaint, fairly construed, is directed only to the excess assessment, not the assessment as equalized as a whole. Although plaintiff alleges that the Director will

proceed without authority of law to equalize the assessments in Cook County, the complaint is not that the ultimate tax will be unauthorized but rather, that the excess portion of the assessment due to the application of the multiplier will be unlawful. A similar situation was presented in *La Salle National Bank v. County of Cook, supra.* There the taxpayers sought to bring that proceeding within the ambit of the "tax unauthorized by law" exception stated in *Clarendon* by alleging in the complaints that certain statutes, rules and regulations relating to assessments were unconstitutional. The court in *La Salle National Bank* held that the allegations in the complaints did not bring the case within the "tax unauthorized by law" exception of *Clarendon.* Relying upon and quoting from the previous holding in *Goodyear Tire & Rubber Co. v. Tierney* (1952), 411 Ill. 421, 428-429, 104 N.E.2d 222, the court in *La Salle National Bank* held that the real complaint of the taxpayer is not that the property was assessed but rather, that it was assessed at too high a figure. In accordance with the facts and authorities cited, we conclude that the allegations of the complaint do not bring the instant case within the ambit of the two exceptions stated in *Clarendon and La Salle National Bank, supra.*

Consistent with the pronouncements in *Clarendon* and *La Salle* are the holding and statements made in *Ames v. Schlaeger* (1944), 386 Ill. 160, 53 N.E.2d 937. At page 163 it was stated: "It has also been consistently held by this court that an irregular or erroneous tax, as distinguished from one that is unauthorized or void, will not be enjoined." The illegality of a tax will not alone justify the interposition of a court of equity. It was further stated that in most instances the allegation that a tax is void or unauthorized consists of a challenge to the entire items of the tax. (386 Ill. 160, 165.) *Ames* is cited with approval in *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill.2d 415, 419-20, 167 N.E.2d 236, in which the court stated:

> "While it may be conceded that the end product of a levy that produces taxes palpably in excess of need has at times been variously described as a 'void' tax, (*People ex rel. Toman v. 110 South Dearborn Street Building Corp.* 372 Ill. 459,) or as an 'illegal' tax, (*People ex rel. Brenza v. Fleetwood,* 413 Ill. 530,) it does not necessarily follow that equity will or must intervene. While not conclusive, doubt is immediately raised by the observation in *Ames v. Schlaeger,* 386 Ill. 160 at 165, to the effect that no case has been found where equity has assumed jurisdiction to adjudicate the proper rate at which a tax should have been extended, it appearing rather that the protection of equity has been extended to restrain the collection of a tax alleged to be

void and unauthorized, only where the validity of the entire tax item is in issue. Here, plaintiff concedes the validity of the greater portion of the corporate fund levy and is objecting only to a small part thereof. Moreover, the portion of any tax to which a successful objection is made is in a sense void, illegal or unauthorized and to say that equity will assume jurisdiction to determine such partial validity would usurp completely the jurisdiction given to the county court over such tax matters."

Plaintiff refers us to the cases of *City of Chicago v. Collins* (1898), 175 Ill. 445, 51 N.E. 907, *Kremers v. City of West Chicago* (1950), 406 Ill. 546, 94 N.E.2d 337, and *St. Louis Bridge Co. v. Becker* (1939), 372 Ill. 102, 22 N.E.2d 954, where the courts, for various reasons, sustained the jurisdiction of equity when the remedy at law was determined to be inadequate. It must be pointed out, however, that these cases were decided prior to *Clarendon* and *La Salle*. In *St. Louis Bridge Co.*, the supreme court upheld the jurisdiction of a chancery court to issue an injunction restraining the extension of a tax based on a void board of review assessment. However, that case is distinguishable. It was there claimed, not that the method or amount of the tax was improper but that the local assessing officials had no lawful authority to assess property. The objection was to a *totally void* assessment rather than, as in the instant case, to an improper or irregular assessment. The court held that the taxpayers were not required to exhaust their legal remedies since "a deposit as required by statute would have to be made for the loss of use of which [the taxpayers] could not be recompensed." 372 Ill. 102, 106.

Furthermore, *Kremers* and *Collins* are both also distinguishable. In *Collins*, taxpayers commenced a class action to enjoin the enforcement of a wheel tax ordinance requiring vehicles to be licensed, which was claimed to be illegal. The ordinance and the entire tax, rather than only a portion thereof, was claimed to be void. The court, in affirming the injunction, held that the taxpayers were not required in the first instance to pursue their remedy at law. Again, the total tax was challenged, unlike the instant case. In *Kremers*, plaintiff commenced an action to enjoin the extension and collection of an illegal tax. The plaintiff alleged that the tax rate applied by the clerk was in excess of that provided by law, and further expressly alleged that the remedy at law was inadequate because a multiplicity of suits would result if the extension and collection were not enjoined. The court, in granting the relief, initially stated (406 Ill. 546, 551):

> "The fact that the prayer of plaintiff's complaint, if granted, goes to only a part of the entire tax is no obstacle to the granting of

equitable relief where, as here, the illegal is capable of being separated from the legal. *Anderson v. City of Park Ridge,* 396 Ill. 235."

Although plaintiff here relies on *Kremers* as having passed upon the issue of jurisdiction and as being applicable herein, on a closer reading of *Kremers* the matter was there heard on the pleadings which consisted of the amended complaint, the answer of the defendant city, and a motion to strike of codefendant's county officials "upon the ground that House Bill No. 903 contravenes section 22 of article IV of our constitution." (406 Ill. 546, 548.) The jurisdictional issues were not there otherwise considered. It must be noted relative thereto that section 42 of the Civil Practice Act, in subsection (3), provides that all defects in pleadings, either in form or substance, not objected to in the trial court are waived. Ill. Rev. Stat. 1973, ch. 110, par. 42(3).

In the instant case there are no allegations in the complaint as to the intended purpose or necessity of the class action procedure or that a multiplicity of actions will be thereby avoided. In fact, the principal relief sought is not to enjoin the extension and collection of the tax, but is actually for a preliminary determination that the Director has no authority to certify a multiplier. It has been said, in *Dee-El Garage, Inc. v. Korzen* (1972), 53 Ill.2d 1, 11, 289 N.E.2d 431:

"Where there is no real question involving actual interests or rights for a court of review to consider, the court should not review the case and render an opinion merely for the purpose of establishing precedent. [Citations.]"

In the instant complaint plaintiff alleges that *no* remedy at law is available. The action was commenced by plaintiff individually and on behalf of all other owners of taxable property in Cook County which is assessed by local assessing officials. "To establish [plaintiff's] right to have the court exercise its equitable powers, his pleading must show that he has no adequate remedy at law * * *." (*Burr v. State Bank of St. Charles* (1951), 344 Ill.App. 332, 338, 100 N.E.2d 773.) Although plaintiff in his reply brief filed with this court argues that the prevention of a multiplicity of actions is a well-recognized ground of equity jurisdiction, such facts must be pleaded to invoke the equitable powers of the court. Plaintiff's complaint is lacking such facts. Just as a new theory or issue cannot be asserted for the first time on appeal (*O'Hare International Bank v. Feddeler* (1973), 16 Ill.App.3d 35, 305 N.E.2d 325), plaintiff cannot argue or rely upon facts which are totally absent from his complaint. In cases such as this, where a motion to strike and dismiss has been sustained in the trial court, we are required on review

to examine the complaint and determine from that pleading whether or not it shows that no adequate remedy at law exists. (*Johnson v. North American Life & Casualty Co.* (1968), 100 Ill.App.2d 212, 217, 241 N.E.2d 332.) We have so examined the instant pleading and the facts stated therein, including all reasonable inferences drawn which are favorable to the plaintiff. We conclude that the necessary averments to sustain equitable jurisdiction are lacking. Under certain circumstances and facts, the avoidance of multiplicity of vexatious litigation may be sufficient to indicate the inadequacy of the remedy at law. However, the complaint or other pleading must set forth *facts* to show that a multiplicity of suits will follow, that numerous objections will be filed, or that numerous suits will be necessary to enforce the collection of the tax. (*Ames v. Schlaeger*, 386 Ill. 160, 165.) The compaint here does not state such facts that can reasonably be said to show that a multiplicity of suits will follow if the injunction is not granted.

■■ The allegation that plaintiff has commenced this action on his own behalf and on behalf of "all other owners of taxable real and personal property in Cook County" does not reasonably lead to the inference that the action was commenced to avoid an unnecessary multiplicity of litigation. The complaint is devoid of such facts as the similarity of the factual question as to all members of the class, that all other owners are similarly situated (since the complaint is brought on behalf of not only real property owners but persons who own personal property which is taxed) or any other reason why this plaintiff should be allowed to represent the interests of all owners of real and personal property in Cook County. Although we note that there exists authority in this State that under the circumstances plaintiff here may not be a proper party plaintiff (see *Bistor v. Board of Assessors* (1931), 346 Ill. 362, 373, 179 N.E. 120), our comments here are directed solely to the insufficiency of the factual allegations to show an inadequacy of the remedy at law. Plaintiff may pay his taxes under protest and file his objection to the application for judgment, as provided for by statute (Ill. Rev. Stat. 1971, ch. 120, pars. 675, 716). Constitutional and all other issues here raised may be litigated in such proceedings (*La Salle National Bank v. County of Cook*). Plaintiff has not alleged sufficient facts to show that the remedy at law is inadequate; therefore, equitable intervention is not appropriate.

Plaintiff should utilize the statutory remedy. In *Clarendon Associates v. Korzen*, 56 Ill.2d 101, 108, the court stated that if a taxpayer may obtain injunctive relief without showing the inadequacy of the statutory remedy, he would thus be encouraged to follow the relief provided by equity and to abandon the one provided by law; furthermore, under the

equitable remedy there is no requirement that the tax be paid before the suit is instituted. The statement of the court in *Ames v. Schlaeger*, 386 Ill. 160, 166, is also pertinent:

"A reading of the complaint shows clearly that it is an attempt to convert a court of equity into a forum for the trial of tax objections contrary to the above-mentioned provisions of the constitution and statute. Eighty-seven separate objections are set forth in the complaint. We cannot escape the conclusion that the complaint shows upon its face that its sole purpose is to evade the statutory requirement concerning payment under protest as a condition precedent to the objection to taxes. Equity will not, under the guise of enjoining the collection of an illegal tax, usurp the jurisdiction belonging to the county court in matters concerning the collection of and objections against taxes.

The question of whether, in a particular case, equity will assume jurisdiction depends always upon the merits of the particular case as disclosed by the facts and circumstances set up in the complaint. Neither precedent nor reason warrant the use of the writ of injunction in the case before us. To permit tax objections under such circumstances to be tried by injunction would hopelessly disrupt the orderly administration of the tax-collecting machinery, thereby embarrassing and deranging the operations of the government and causing serious detriment to the public. The extraordinary power of injunction, for cogent reasons of public policy, should be exercised very cautiously when important public interests are involved. (*Gray v. Board of School Inspectors*, 231 Ill. 63.)"

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McGLOON, P. J., and McNAMARA, J., concur.