33 Ill.2d 501 (1965)
211 N.E.2d 694
THE PEOPLE ex rel. The County Collector of St. Clair County, Appellant,
v.
AMERICAN REFRIGERATOR TRANSIT COMPANY, Appellee.
No. 39255.
Supreme Court of Illinois.
Opinion filed November 19, 1965.
*502 JOHN M. KARNS, JR., State's Attorney, and EUGENE H. WIDMAN, Assistant State's Attorney, both of Belleville, for appellant.
WALKER & WILLIAMS, of East St. Louis, for appellee.
Affirmed in part and reversed in part and remanded.
Mr. JUSTICE HERSHEY delivered the opinion of the court:
Appellant, ex officio collector of taxes for St. Clair County, filed application for judgment against appellee, American Refrigerator Transit Company, in the circuit court of St. Clair County for delinquent 1961 real-estate taxes paid under protest by appellee. Appellee filed objections alleging that the local assessment of its property was "grossly excessive and fraudulent, having been made by the board of assessors, and upheld by the board of review with knowledge that such assessment was so excessive as to be fraudulent and was made at a greater per cent of full value than other property of other taxpayers similarly situated in St. Clair County". The circuit court sustained the tax objections and entered judgment reducing the valuation of appellee's real estate, and ordering a refund of taxes paid under protest. Appellant appeals from that judgment directly to this court, the revenue being involved.
The subject of this litigation is certain real estate in St. Clair County on which is situated a wooden icing dock used *503 by appellee to ice refrigerator railroad cars. The local assessment of the dock was $125,000, but after appeal to the board of review, the assessment was reduced to $112,500. The Department of Revenue's equalizing multiplier was applied to this figure, resulting in a valuation of $158,500 on which the taxes were extended. In the trial court, there was uncontradicted testimony that the actual fair market value of the property was $161,000. The court took judicial notice of the fact that other property in St. Clair County was assessed at only 55% of fair market value, and therefore determined that the assessed valuation of the dock should be reduced to 55% of $161,000, or $88,550. The assessment was reduced accordingly, and taxes extended on this figure. The court then ordered a refund of all taxes paid under protest in excess of the taxes so figured.
Appellant's initial contention involves section 194 of the Revenue Act which provides that the county clerk must notify interested tax levying units of the fact that tax objections have been filed, and also requires the State's Attorney to give notice to such tax levying units of the time and place of the hearing upon the objection. The statute further provides that "in all counties, when the taxpayer appears and files objection, the court shall, after first determining that due notice, if required, has been given to the tax levying unit, hear and determine the matter according to the right of the case and enter judgment for any part of the taxes, or order a refund of any part of the taxes, so paid under protest". Ill. Rev. Stat. 1963, chap. 120, par. 675.
Appellant contends that we must assume that the trial court did not comply with the foregoing statute since the record does not contain an express finding by the court that the required notices had been given to the interested tax levying units. We note that in the trial court appellant did not object to the lack of such a finding, and he is therefore in no position to raise this question for the first time on appeal. *504 Furthermore, we do not concur in his conclusion. We do not think that section 194 contemplates that the lack of such an express finding in the record will invalidate every judgment rendered under that section. The record in this case does not show, nor does appellant contend, that due notice was not in fact given. We must assume, on the state of the record before us, that the trial court complied with its statutory duty to first determine that the required notices had been given to the tax levying units before proceeding with the hearing.
Appellant further argues that the tax objections filed by appellee were insufficient in law in that they did not allege that appellee had exhausted its administrative remedies before the board of review. We do not agree. The objections alleged that the assessment of appellee's property was "grossly excessive and fraudulent, having been made by the board of assessors and upheld by the board of review with knowledge that such assessment was so excessive as to be fraudulent * * *". Furthermore, the record clearly shows that appellee pursued its administrative remedies before the board of review, and counsel for appellant expressly admitted this fact in the course of the trial court proceedings.
Appellant next contends that the trial court erred in taking judicial notice of the fact that the level of assessment of property in St. Clair County, after application of the multiplier, was 55% of full fair market value. The record shows that after a colloquy between counsel and the trial court on the subject of level of assessment of locally assessed property, the court announced that it would take judicial notice of the 55% level of assessment. Appellant did not object to the court's taking judicial notice of this fact, and any error that the court committed in so doing can not now be urged for the first time on appeal.
Appellant also argues that the judgment must be reversed since there was no finding of fraud in "any shape, form or fashion". It is clear that fraud, either actual or constructive, *505 must be proved in order to sustain the judgment. However, we do not think it necessary that there be an express finding of fraud if the evidence supports such a conclusion. Here, the evidence clearly shows that appellee's property, after application of the multiplier, was assessed at $158,500 and that its actual fair market value was $161,000. Thus, appellee's property was assessed at approximately 98% of its full fair market value, while other locally assessed property was assessed at only 55% of full fair market value. This, in our opinion, was tantamount to constructive fraud and supports the trial court's judgment that appellee is entitled to a refund.
While we affirm the holding of constructive fraud by the trial court, we must disagree with the measure of recovery applied in that debasing valuations of property in an attempt to achieve uniformity is not permissible. (Chicago, Burlington & Quincy Railroad Co. v. Department of Revenue, 17 Ill.2d 376.) The measure of recovery is the difference between objector's taxes and the amount they would have been had other locally assessed property been assessed at the same percentage of value as that of objector. People ex rel. Hillison v. Chicago, Burlington & Quincy Railroad Co. 22 Ill.2d 88; People ex rel. Kohorst v. Gulf, Mobile and Ohio Railroad Co. 22 Ill.2d 104.
The judgment of the circuit court of St. Clair County is affirmed except as to the method of computing the refund and is accordingly remanded with directions in accordance with this opinion.
Affirmed in part and reversed in part and remanded, with directions.