EXCHANGE NATIONAL BANK OF CHICAGO, as Trustee, Plaintiff-Appellant, *v.* P. J. CULLERTON, Cook County Assessor, *et al.,* Defendants-Appellees.

(No. 58565;

First District (5th Division)—January 25, 1974.

Rudnick, Wolfe, Snyderman & Foreman, of Chicago (Lester D. Foreman and Stanley N. Gore, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (John A. Dienner, III, Assistant State's Attorney, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, as trustee of a land trust, sought declaratory and injunctive relief against defendants, the Cook County Assessor, the County Clerk, the County Treasurer and Collector, and the members of the County Board of Appeals, for an allegedly excessive and constructively fraudulent assessment of trust property. The trial court entered two orders: one denying plaintiff's motion for a "restraining order" and the other granting defendants' motion to dismiss plaintiff's complaint. Plaintiff appeals from both of these orders contending that the statutory requirement of paying real property taxes under protest before objections ·to judgment and sale of the property may be made in court * deprives parties unable to pay excessive property taxes of due process of law.

Plaintiff filed an unverified complaint for declaratory and injunctive relief alleging that it was the trustee of a land trust in property at 5851 N. Winthrop Avenue in Chicago, that the assessment on the property and improvements for the year 1969 was $117,429, for the year 1970 was $173,766 and for the year 1971 was $173,766; that the County Assessor's assessment of the property for the year 1971 violated due process of law in being grossly excessive, constructively fraudulent and not comparable to the assessment on other property in the vicinity; that the Board of Tax Appeals affirmed the assessment; that plaintiff had no adequate remedy at law; and that plaintiff will suffer irreparable injury if required to pay taxes based on such an assessment.

Plaintiff next filed an unverified motion for a "restraining order" repeating several of the allegations in the complaint and further alleging that it had paid $21,688.60 of its taxes but was unable to make further

---

* "§ 675 Payment of Taxes—Payments under protest.
       *   *   *

If any person desires to object pursuant to Section 235 of this Act [Section 716] to all or any part of a real property tax for any year, for any reason other than that the real estate is not subject to taxation, he shall first pay all of the tax installments due, and such payment shall be accompanied by a [written protest]   *   *   *." Ill. Rev. Stat. 1971, ch. 120, par. 675.

"§ 716 Proceedings by court—Form of order—Cure of error or informality.

The court shall examine the list [of delinquent properties], and if defense (specifying, in writing, the particular cause of objection) be offered by any person interested in any of the lands or lots, to the entry of judgment against them, the court shall hear and determine the matter in a summary manner, without pleadings, and shall pronounce judgment as the right of the case may be: Provided, that no person shall be permitted to offer any such defense unless such writing specifying the particular cause of objection shall be accompanied by an official original or duplicate tax collector's receipt, showing that all taxes to which objection is made have been paid under protest pursuant to the provisions of section 194 of this Act [section 675]   *   *   *." Ill. Rev. Stat. 1971, ch. 120, par. 716.

payments because of insufficient funds and therefore could not meet the requirement of paying taxes under protest. Plaintiff sought an order excepting it from any tax judgment and sale and to "temporarily enjoin" defendants from seeking any tax judgment and sale.

Defendants then filed a motion to dismiss plaintiff's complaint alleging that equity has no jurisdiction to enjoin the collection of taxes since section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, par. 675) (relating to paying taxes under protest) provides adequate remedy; that the allegedly excessive assessment was the same as the previous year's assessment; that plaintiff should not be treated differently from other taxpayers; that the facts of the complaint do not indicate constructive fraud; and that plaintiff failed to state a cause of action.

Plaintiff answered defendant's motion to dismiss alleging that the assessment was so excessive that plaintiff was unable to pay such taxes even under protest, and further that plaintiff had filed suit regarding its previous year's taxes, and that the statute is unconstitutional.

The trial court denied plaintiff's motion for a "restraining order" and granted defendants' motion to dismiss plaintiff's complaint. The record does not include the report of proceedings at any hearing of legal arguments on the motions and does not indicate the specific reasons for the court's orders. Plaintiff appeals from both the denial of its motion for a "restraining order" and the granting of defendants' motion to dismiss.

*OPINION*

■■ Plaintiff appeals from the denial of a "restraining order." Neither the complaint nor the motion for a restraining order was verified. Such verification was essential to the court's granting of such an order. (*Phelan v. Wright*, 54 Ill.App.2d 178, 203 N.E.2d 587.) Therefore, we cannot say the trial court erred in denying plaintiff's motion.

■■ The granting of defendants' motion to dismiss plaintiff's complaint is appealable as a final order. A motion to dismiss the complaint calls into question the sufficiency of the complaint. Although in a proper case a complaint may be amended, an insufficient complaint cannot be made sufficient by the filing of an answer to the motion to dismiss when that motion is based on the failure to state a cause of action. (Ill. Rev. Stat. 1971, ch. 110, par. 45.) The complaint must stand or fall on its own merits.

■■ Sections 194 and 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1971, ch. 120, pars. 675 and 716) require payment of real property taxes under protest before objections to judgment and sale of property may be made in court. Payment under protest is thus a condition precedent to a hearing of "objections" in court. Although the parties do not

dispute the applicability of the requirements of payment under protest to the instant case, plaintiff contends that this requirement deprives parties unable to pay excessive property taxes under protest of due process of law. In view of this contention an allegation in the complaint that plaintiff was unable to pay the taxes under protest was essential. If plaintiff were *not* a party unable to pay its taxes under protest, it would not be prejudiced by the unconstitutionality of the statute on the grounds indicated. In the instant case, plaintiff elected to stand on its complaint. However, the complaint did not allege plaintiff's inability to pay the taxes under protest. The complaint was insufficient in failing to make an essential allegation and was properly the subject of a motion to dismiss.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.