(No. 45699.—

THE PEOPLE *ex rel.* ROBERT G. SKIDMORE, County Collector, v. C. RICHARD ANDERSON *et al.,* Appellees.—(Barrington Consolidated High School District No. 244 *et al.,* Appellants.)

*Opinion filed January 31, 1974.*

Allyn J. Franke, and Ralph Miller, both of Chicago, for appellants.

Price, Cushman, Keck, Mahin & Cate, of Chicago (Robert S. Cushman and Minard E. Hulse, Jr., of counsel), for appellees.

MR. JUSTICE WARD delivered the opinion of the court:

In November 1971, 300 property owners in Cuba Township, Lake County, who had paid 1970 real estate taxes under protest, filed written objections to an application by the County Collector of Lake County for judgment and an order of sale. The tax objection had been made to taxes paid to Barrington Community Consolidated Grade School District No. 4 and Barrington Consolidated High School District No. 224, which are taxing districts lying principally within Lake and Cook counties. The school districts, the appellants here, were given leave to intervene in the proceeding. In January 1973 the circuit court of Lake County entered judgment sustaining the objections to the tax rates and ordering the County Collector of Lake County to refund to the objectors such sums as the court had found to be "excessive, illegal and void." The appeal of the intervenors comes to this court under our Rule 302(b). (50 Ill.2d R. 302(b).) The State's Attorney of Lake County, who represented the County Collector, did not appeal from the judgment of the circuit court.

The same group of property owners, *i.e.*, the objectors, in a separate and earlier proceeding had unsuccessfully sought a reduction in assessments before the Property Tax Appeals Board of Lake County. On July 14, 1972, the circuit court of Lake County affirmed the Board's action and denied the reduction in assessments. The objectors unsuccessfully also brought a class action in United States District Court for the Northern District of Illinois in June of 1972 alleging jurisdiction of that court through 28 U.S.C. sec. 1343(3) and the fourteenth amendment to the Constitution of the United States.

The objectors' property lies in the intervenor school districts, Barrington Consolidated High School District No. 224 and Barrington Community Consolidated Grade School District No. 4. Slightly less than half of each school district is within the boundaries of Cuba Township, Lake County, and slightly less than half within Barrington Township, Cook County. The balance, a small fraction of the districts, is in Kane and McHenry Counties.

It is not disputed that the objectors' property within the school districts in Cuba Township, Lake County, has an equalized assessment of 42% of its fair cash market value, while property within the school districts in Barrington Township, Cook County, has an equalized assessment of 26.31%. Evidence showing these ratios was presented to the circuit court through affidavits of the Supervisor of the Property Tax Assessments and Equalization Section of the Illinois Department of Local Government Affairs, the deputy collectors in charge of tax extensions for each of the counties involved, and the attorney for the objectors. Based on the disparity between these ratios the objectors argued in the trial court that they paid a disproportionate share of the taxes imposed by the intervenor school districts, which was in violation of the constitutional requirement of uniformity of taxation under our Constitution of 1870 (which at the time was

controlling) and the equal protection clause of the Constitution of the United States.

In holding for the objectors the circuit court found that the objectors proportionally paid approximately 63% more in taxes to the intervenor school districts than the taxpayers of the districts whose property lies in Cook County. This constituted, the court held, gross discrimination and constructive fraud in violation of the constitutional mandate of uniformity and the equal protection clause of the Federal Constitution.

Before considering the claims of error presented by the intervenors, it is appropriate to observe that our new constitution has recognized the problem illustrated in this appeal. Section 7 of article IX of the Constitution of 1970 provides that the General Assembly may enact laws to require "apportionment of the burden of taxation of property situated in taxing districts that lie in more than one county." Our legislature has recently enacted a statute which provides for the future a method of apportioning the burden of taxation of property in taxing districts lying in more than one county, if one or more of the counties has a population of at least 200,000. Pub. Act 78—724 (1973), 78th Gen. Assembly.

The first argument of the intervenors is that the principal question here was determined by this court in *People ex rel. Schlaeger v. Allyn,* 393 Ill. 154, and that the circuit court erred in granting the refund requested by the objectors. This case on appeal closely resembles *Allyn.* That case involved, as we have here, disparities in assessed valuations in Lake and Cook counties and common taxing bodies whose boundaries extended from one county into another. The ratio of assessed valuation to full cash valuation in Cook County was 75% and 21% in Lake County. The objecting taxpayer argued that the tax levies by the common taxing bodies were discriminatory and constituted constructive fraud in violation of article IX

and section 2 of article II of our 1870 Constitution and in violation of the equal protection and due process clauses of the fourteenth amendment. This court affirmed the trial court's denial of a requested refund, holding that (1) judicial review of the practice of local assessors would be proper only upon proof of actual or constructive fraud, which the court said was lacking; (2) absent this proof of fraud, it is within the exclusive province of the legislature to determine the manner of obtaining uniformity in assessed valuations of property.

While the court in *Allyn* said that the problem presented was, under the circumstances, one for legislative resolution, it stated that judicial relief would not have been denied had fraud, actual or constructive, been shown. It based its affirmance of the judgment against the taxpayer on the taxpayer not having shown the presence of actual or constructive fraud. However, the court appeared to regard as inconsequential or to ignore the substantial difference between the Cook County and Lake County levels of assessment. From this one can conclude that the court may have been taking the position that disparities, however gross, between assessments would not be considered as constructive fraud where the assessments had been made by different assessors. This court, however, has not taken such a position in cases subsequent to *Allyn,* and we have considered differences in assessment levels and approved holdings of constructive fraud, though the involved assessments had been made by different assessment bodies. For example, in *People ex rel. Hillison v. Chicago, Burlington & Quincy R.R. Co.,* 22 Ill.2d 88, and *People ex rel. Kohorst v. Gulf Mobile & Ohio R.R. Co.,* 22 Ill.2d 104, railroad property had been assessed by the Department of Revenue at 100% of its fair, full, cash value and other property in the county had been locally assessed at substantially less than full, fair cash value. This court approved holdings that there had been constructive fraud. Thus, there is no legal impediment to a consideration of

differences in assessment levels to determine whether they amount to constructive fraud, and this though the involved assessments have been made by different assessment bodies.

Or it may have been that the court in *Allyn* took the view that constructive fraud could not be found when there were only gross discrepancies between assessment levels to consider. To support this, we note that the court in considering the cases of constructive fraud cited by the taxpayer observed pointedly that those cases involved misconduct by the assessor (393 Ill. 154, 160). However, deliberate misconduct in assessing is not required for a finding of constructive fraud. Subsequent to *Allyn* this court sustained a finding of constructive fraud without finding deliberate misconduct by the assessor. (*People ex rel. County Collector v. American Refrigerator Transit Co.*, 33 Ill.2d 501.) In *American Refrigerator Co.* the taxpayer's property was assessed at 98% of its full market value and other locally assessed property was assessed at only 55% of such value. We said of the discrepancy: "This, in our opinion, was tantamount to constructive fraud and supports the trial court's judgment that appellee is entitled to a refund." (33 Ill.2d at 505.) Therefore the absence of any intent to discriminate against the taxpayer in this case would not present a legal obstacle to a finding of constructive fraud based on the disparity between the assessment levels.

Or it could have been that in *Allyn* the court was unwilling to consider the inequalities between the assessment levels, for the reason that the properties whose assessments would be compared were located in different counties. We judge that the circumstance that properties may lie in different counties should not preclude a comparison of their respective assessment levels to determine if there is constructive fraud, when the properties lie within the same taxing district or districts, as they did in this case. Here there were Cook County and Lake County

taxpayers whose property lay within the geographical and corporate boundaries of the same taxing districts, *i.e.*, the intervenors. Each set of taxpayers receives identical service from the intervenors' taxing districts, but there are substantial and, we consider, gross discrepancies or differences between the assessment levels of the Cook County and the Lake County properties and between the taxes the Cook County and the Lake County taxpayers must pay for identical services from the taxing districts. No argument concerning this last point of identical services appears to have been made in *Allyn* and the court did not discuss it.

In summary, we judge that the holding of this court in *Allyn* did not prevent the trial court here from holding that there had been a constructive fraud upon the tax objectors.

Further, we judge that the circuit court's conclusion was correct that the unequal assessment levels between Lake and Cook County here were sufficiently great so as to permit a finding of constructive fraud on the Lake County objectors, so far as their tax support of the common school districts of the intervenors was concerned.

We cannot accept the intervenors next contention that in any event the differential of 16 percentage points between the ratios of assessed to fair market value in Cuba Township in Lake County and Barrington Township in Cook County was an insufficient disparity to support the trial court's conclusion that there was constructive fraud. The constitution called for an adjustment of the burden of taxation with a reasonable degree of uniformity, rather than with mathematical equality. (*Apex Motor Fuel Co. v. Barrett*, 20 Ill.2d 395, 401.) The objectors' evidence was that 80% of their taxes represents levies by the intervenor school districts and that, as a result of the discrepancies in assessment ratios, they paid approximately 63% higher school taxes than the related Cook County property owners. The burden of taxation here cannot be deemed to

have been distributed with any reasonable degree of uniformity.

The intervenors contend, too, that to order the refund of taxes which would be payable out of their current revenue would be inequitable. They argue that they may have to default on financial obligations, which would impair their future borrowing ability. Although we are sympathetic with the intervenors because of the problem which may arise from the ordering of refunds, it is not possible to distinguish between the intervenors and other taxing bodies which have been ordered in other cases to make refunds. "We are aware of the impact of an adverse holding on the interested taxing bodies but, as readily recognized by *amici curiae,* our decision cannot be based upon their financial needs." *People ex rel. Korzen v. Chicago, Burlington & Quincy R.R. Co.,* 32 Ill.2d 554, 564.

Finally, the intervenors argue that an action for *mandamus* would have provided a more appropriate form of relief and would have allowed all the necessary parties to be before the court. We are unpersuaded by this argument. Without setting out the possible difficulties which might have been encountered in seeking a writ of *mandamus,* we would simply observe that the objectors were not required to seek *mandamus* and that the tax-objection proceedings they pursued were clearly authorized.

For the reasons given, the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*