**28 EAST JACKSON ENTERPRISES, INC., Plaintiff-Appellee,**

v.

**P. J. CULLERTON, Individually and as Cook County Assessor, and Bernard J. Korzen, Individually and as Treasurer and Ex-Officio Collector of Cook County, Defendants-Appellants.**

No. 74–1179.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 13, 1974.

Decided Aug. 8, 1975.

As Amended on Denial of Rehearing Oct. 9, 1975.
Certiorari Denied Jan. 19, 1976.
See 96 S.Ct. 856.

**440**

Bernard Carey, State's Atty., Donald P. Smith, Asst. State's Atty., Chicago, Ill., for defendants-appellants.

James L. Fox, Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, and SWYGERT and SPRECHER, Circuit Judges.

FAIRCHILD, Chief Judge.

Plaintiff, 28 East Jackson Enterprises, Inc., owns a long-term leasehold interest in an office building in downtown Chicago and is obligated to pay the real estate taxes on the property. Defendant Korzen, Treasurer and ex-officio Collector of Cook County, levied $82,925.52 in real estate taxes against plaintiff's property. Plaintiff, allegedly lacking the funds and ability to borrow funds to pay the taxes, brought this civil rights action under 42 U.S.C. § 1983 to enjoin Korzen from making an application for judgment and order of sale of the property for nonpayment of the 1972 levy. Federal jurisdic-

tion was alleged to rest on 28 U.S.C. § 1343(3) and 28 U.S.C. § 1331.

The gist of the claim is that plaintiff's 1972 real estate assessment was fraudulently excessive in that plaintiff's property was assessed at 70 percent of fair cash value while property in Cook County was generally assessed at 25 percent and that such a disparity violated the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, Art. IX, § 4(a) of the Illinois Constitution, and § 501 of ch. 120, Ill.Stat.Ann. (Smith-Hurd Supp.1975–76).[1] At no time have these issues been presented to an Illinois court.

Plaintiff sought a preliminary injunction, and the defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim. Before the district court ruled on the motions, the Circuit Court of Cook County, on the defendant Korzen's application, entered judgment and order of sale against plaintiff's property. Plaintiff amended its complaint to enjoin the state court ordered tax sale. After a hearing, at which defendants did not rebut plaintiff's claim but chose to rely on their jurisdictional defenses, the district court granted plaintiff preliminary injunctive relief. Defendants brought this interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1). We reverse.

Plaintiff's complaint, fairly read, seeks solely to suspend or restrain the collection of its 1972 real estate taxes.[2]

---

1. At Illinois law plaintiff's claim is recognized as a claim sounding in constructive fraud. If a taxpayer can prove that his property is assessed at a value disproportionately higher than similarly situated property, the assessment is deemed fraudulent. See, e. g., *People ex rel. Skidmore v. Anderson*, 56 Ill.2d 334, 307 N.E.2d 391 (1974). If the taxpayer prevails, his taxes are reduced "to the amount they would have been had other locally assessed property been assessed at the same percentage of value as that of the objector." *People ex rel. County Collector v. Amer. Refrig. Co.*, 33 Ill.2d 501, 505, 211 N.E.2d 694, 697 (1965).

2. In addition to injunctive relief, plaintiff requests damages and a declaratory judgment that all of its taxes in excess of $30,400 are unconstitutional and void. Although there is an argument that 28 U.S.C. § 1341 does not bar a federal court from issuing declaratory relief, 1A, pt. 2, J. Moore, Moore's Federal Practice ¶ 0.207 at 2285 (4th ed. 1974), and the Supreme Court has declined expressly to decide the question, *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), we see no reason to treat declaratory and injunctive relief differently in this context. See *Perez v. Ledesma*, 401 U.S. 82, 127–28, n. 17, 91 S.Ct. 674, 27

As such, it must withstand a jurisdictional challenge under 28 U.S.C. § 1341 if this action is to be maintained. See *e. g., Miller v. Bauer, et al.,* 517 F.2d 27 (7th Cir., 1975). That statute provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

█ Section 1341 codifies the well-established federal policy of noninterference in matters of state taxation. *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 298–99, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). "The scrupulous regard for the rightful independence of state government which should at all times actuate the federal courts, and a proper reluctance to interfere by injunction with their fiscal operations, require that such relief should be denied in every case where the asserted federal right may be preserved without it." *Matthews v. Rogers,* 284 U.S. 521, 525, 52 S.Ct. 217, 219, 76 L.Ed. 447 (1932).

█ Defendants contend that Illinois provides plaintiff "plain, speedy and efficient" remedies to challenge the lawfulness of its tax bill. The standard Illinois remedy for objecting to a real estate tax bill is payment under protest and claim for refund pursuant to Ill.Ann. Stat., ch. 120, § 675 (Smith-Hurd Supp. 1975–76).[3] But this remedy requires that the taxes be paid in full before the

taxpayer's claim will be considered. *Id.* at § 716. In view of the district court's express finding that plaintiff did not have and could not borrow sufficient funds to pay the full tax, this remedy is not available in this case.[4]

█ Alternatively, defendants contend that plaintiff can pursue equitable relief in the Illinois courts. A remedy by injunction is a plain, speedy and efficient remedy within the meaning of 28 U.S.C. § 1341. *Kiker v. Hefner,* 409 F.2d 1067, 1070 (5th Cir. 1969). In response, plaintiff asserts that such relief is unavailable, or uncertain, in the Illinois courts.

█ Plaintiff relies heavily on language in *Clarendon Associates v. Korzen,* 56 Ill.2d 101, 107, 306 N.E.2d 299 (1973), that Illinois courts will no longer consider a constructively fraudulent assessment as an independent ground for equitable relief. As we read the opinion, however, the court decided that whenever the statutory remedy was an adequate remedy, a taxpayer did not have the choice of injunctive relief. The Illinois Court quite clearly states that, "There will be cases of fraudulently excessive assessments *where the remedy at law will not be adequate and injunctive relief should then be available.*" 56 Ill.2d at 108, 306 N.E.2d at 303 (emphasis supplied). Accord, *LaSalle Nat'l Bk. v. County of Cook,* 57 Ill.2d 318, 312 N.E.2d 252 (1974); *Hoyne Savings & Loan Association v. Hare,* 60 Ill.2d 84, 322 N.E.2d 833, 836 (1974). Since the legal remedy

---

L.Ed.2d 701 (1971) (opinion of Brennan, J.). Nor do we think the damage allegations alter the true nature of this lawsuit. The amended complaint contains only the general type of averments of wilfulness, recklessness, and malice found insufficient to show a purposeful discrimination between persons or classes of persons. *Snowden v. Hughes,* 321 U.S. 1, 9–10, 64 S.Ct. 397, 88 L.Ed. 497 (1944).

3. Taxpayers living in Cook County may also challenge real estate assessments in administrative proceedings by filing an application for revision with the County Assessor. Ill.Ann. Stat., ch. 120, § 579 (Smith-Hurd Supp. 1975–76) or presenting a complaint before the county Board of Appeals. *Id.* §§ 593–606. Plaintiff's complaint alleges that relief before the

Cook County Board of Appeals was sought, but that the Board ordered no change in the assessment.

4. Taxpayers are not entitled to interest on a refund of taxes paid under protest under Ill. Ann.Stat., ch. 120, §§ 675, 716 (Smith-Hurd Supp. 1975–76). *Lakefront Realty Corp. v. Lorenz,* 19 Ill.2d 415, 422–23, 167 N.E.2d 236, 240–41 (1960). Plaintiff has argued that this renders the statutory remedy inadequate. See *United States v. Department of Revenue of State of Ill.,* 191 F.Supp. 723, 726–27 (N.D.Ill. 1961), *vacated on other grounds,* 368 U.S. 30, 82 S.Ct. 146, 7 L.Ed.2d 90. Since this remedy is not otherwise viable in this case, we express no opinion on this point.

considered adequate in *Clarendon* was the statutory remedy of payment under protest, it follows that when that remedy is unavailable, as in the present case, an action for an injunction will lie.

This reasoning is fortified by the policy analysis in the *Clarendon* opinion. In Illinois there is no requirement that taxes be paid in full before an injunctive suit may be instituted. Therefore, the Illinois court reasoned, if taxpayers could choose between injunctive relief and the statutory remedy of payment under protest, they would pursue the injunctive remedy to delay payment of the taxes. To permit such a choice would impair the collection of state revenues and undermine the purpose of the statutory remedy. 56 Ill.2d at 108, 306 N.E.2d at 303. In the instant case these considerations are not operative. Here, the taxpayer is not seeking equity to delay payment of the taxes; he is seeking equity because he has no other recourse.

Our view of the Illinois law is further supported by the recent opinion in *Exchange National Bank v. Cullerton*, 17 Ill.App.3d 392, 308 N.E.2d 284 (1974). There, a taxpayer appealed the dismissal of an action seeking to enjoin the collection of an allegedly excessive assessment, asserting, though he had failed to allege it in his complaint, that equitable relief was appropriate because he lacked the funds to pay the taxes under protest. In affirming the dismissal, the appellate court suggested that the complaint would not have been dismissed had it alleged the taxpayer's inability to pay the taxes. 17 Ill.App.2d at 395, 308 N.E.2d at 286–87.

Finally, the Illinois Supreme Court has been willing to grant equitable relief even in instances in which the statutory remedy was available and the tax was neither unauthorized nor levied against exempt property. In *Hoyne Savings & Loan Association v. Hare*, 60 Ill.2d 84, 322 N.E.2d 833 (1974), the taxpayer sought and was granted equitable relief for fraudulent assessment where particular circumstances persuaded the Court that it would be unfair and unjust to require that relief be sought through the statutory remedy.

■■■■ We recognize that if the adequacy of a state remedy is uncertain, section 1341 does not divest the federal courts of jurisdiction. *Hillsborough v. Cromwell*, 326 U.S. 620, 625–26, 66 S.Ct. 445, 90 L.Ed. 358 (1946). But we believe that it is reasonably certain that Illinois courts would entertain a suit for injunction when a taxpayer establishes that he lacks the funds to comply with the statutory remedy of payment under protest. Under such circumstances, the principles of comity and restraint embodied in section 1341 require that plaintiff first seek equitable relief in the Illinois courts.

Accordingly, the order appealed from is reversed and the cause is remanded with directions to dismiss the complaint for lack of jurisdiction.

Reversed.

SWYGERT, Circuit Judge (dissenting in part).

While I agree that principles of comity and restraint weigh heavily in favor of this court staying its hand in this case, I cannot agree that it *must* do so for lack of jurisdiction. Section 1341 does not apply when the existence or adequacy of a state remedy is in doubt or uncertain. *Hillsborough v. Cromwell*, 326 U.S. 620, 625–26, 66 S.Ct. 445, 90 L.Ed. 358 (1946). While it appears "reasonably certain" to the majority that Illinois courts will entertain a suit for injunctive relief by the appellee, this is in reality a mere prediction that certain language in very recent[1] supreme and appellate court decisions in that state will be read broadly

1. Significantly, the decisions in *Exchange National Bank v. Cullerton*, 17 Ill.App.3d 392, 308 N.E.2d 284 (1974), and *Hoyne Savings & Loan Assoc. v. Hare*, 60 Ill.2d 84, 322 N.E.2d 833 (1974), were rendered after the district court entered its injunction. *See Spector Motor Service v. O'Connor*, 340 U.S. 602, 605, 71 S.Ct. 508, 95 L.Ed. 573 (1951); *Dawson v. Kentucky Distilleries, Inc.*, 255 U.S. 288, 295–96, 41 S.Ct. 272, 65 L.Ed. 638 (1921).

so as to bring appellee's claim within an exception to the general rule that taxpayers in Illinois must pay an assessed tax under protest in order to challenge the validity of the assessment. In order to reach such a result an Illinois court would have to find that 1) the assessment here is "fraudulently excessive," and 2) the Illinois remedy of payment under protest is not adequate where one cannot afford to make such payment. I do not think either finding approaches a certainty within the contemplation of section 1341.

It therefore seems to me that the district court has jurisdiction to enjoin the sale of appellee's property. But this does not necessarily mean that such an injunction is proper or justified. Independent of section 1341, principles of comity and the greater public interest must be carefully considered in deciding whether in a given case a federal court of equity should interfere in a matter involving the collection of taxes under state law. *Cf. Great Lakes Co. v. Huffman,* 319 U.S. 293, 297–301, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). In this particular case it may well turn out that Illinois courts will provide an adequate remedy for appellee by entertaining its suit for injunctive relief. At least it would seem incumbent on it to seek state relief prior to resorting to the federal forum. I would therefore remand this case to the district court with instruction that it vacate its injunction and abstain from any further action in this matter pending submission of appellee's claims to an Illinois forum. I would further direct the district court to retain jurisdiction in this case until appellee has either obtained his remedy in that forum or shown an effective denial of such a remedy.[2]

2. Since judgment has already been entered against the property, retention of jurisdiction would assure that if state law does not contemplate equitable relief under these circumstances, the district court could take appropriate action with dispatch so as to avoid a preemptive sale of the property. I would also note my view in this regard that the majority opinion does not preclude a later resort to the federal courts in this case should it become clear that, contrary to the prediction of the majority of our panel, Illinois courts decline to entertain a suit for injunctive relief by the appellee.