BUNGE CORPORATION, Petitioner-Appellant, v. WILMA J. LEWIS, County Treasurer, Respondent-Appellee.

Fifth District   No. 5—86—0028

Opinion filed September 5, 1986.

Harvey B. Stephens and Emmet A. Fairfield, both of Brown, Hay & Stephens, of Springfield, and W. C. Spomer, of Cairo, for appellant.

Mark Howard Clarke, State's Attorney, of Cairo (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for appellee.

JUSTICE KARNS delivered the opinion of the court:

Petitioner, Bunge Corporation, appeals from a judgment of the circuit court of Alexander County granting respondent's motion to dismiss petitioner's complaint for injunctive relief.

This appeal stems from a dispute over the assessment of real property located in Cairo that is owned by petitioner. In 1981, the circuit court entered an order, pursuant to an agreed settlement, setting the amount of real property tax to be paid by petitioner for the years 1980 through 1983 at $308,000 per year. Respondent, Wilma J. Lewis, as county treasurer and *ex officio* collector of taxes for Alexander County, was ordered to make appropriate adjustments in the assessed valuation of the property. In 1984, the assessed value of the property was increased to $7,307,226. Petitioner filed a complaint with the Alexander County board of review alleging that it had not received proper notice of the increase and that the assessment was fraudulently excessive. In November of 1984, the board of review affirmed the increased assessment and petitioner filed a timely appeal to the Property Tax Appeal Board. Although it requested an expedited hearing, petitioner was informed that proceedings would not be held prior to January 1, 1986. The final decision of the Appeal Board is pending. On August 1, 1985, petitioner received its tax bill based upon the increased assessment in the amount of $637,658, payable in two equal installments in September and October of 1985. Subsequently, petitioner filed an amended complaint requesting that the circuit court enjoin respondent from collecting or attempting to collect the tax pending a final decision of the Appeal Board. The court found that petitioner had failed to allege facts establishing that its remedy at law was inadequate and dismissed petitioner's complaint with prejudice. Petitioner appeals to this court pursuant to Supreme Court Rule 307(a)(1) (87 Ill. 2d R. 307(a)(1)). On March 13, 1986, respondent applied for the sale of the property and judgment was entered in favor of respondent. Petitioner's motion to vacate the judgment is pending.

Pursuant to our order of July 1, 1986, respondent's motion to dismiss this appeal as moot is taken with the cause.

■■ ■ The issue on appeal is whether the trial court erred in dismissing petitioner's amended complaint for injunctive relief. The issue raised by respondent in her motion to dismiss is whether the resolution of the above issue has been rendered moot by respondent's attempt to collect the tax through her application for sale and by petitioner's pursual of relief before the Property Tax Appeal Board. A cause is considered moot on appeal if a decision by the reviewing court could have no practical effect on the parties. (*George W. Kennedy Construction Co. v. Chicago* (1986), 112 Ill. 2d 70, 76, 491 N.E.2d 1160, 1162.) If this court determines that the trial court erred in dismissing petitioner's complaint, upon remand the relief requested by petitioner would still be available. Although respondent has obtained a judgment for sale, the taxes have not yet been collected nor has the property in question been sold. Therefore, the trial court could enjoin the enforcement of the judgment for sale pending a final decision of the Appeal Board. Petitioner should not be precluded from taking this appeal because of the actions of respondent where petitioner has continued to object to those actions. Respondent relies upon section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3)) and *Village of Lake Bluff v. Jacobson* (1983), 118 Ill. App. 3d 102, 110-11, 454 N.E.2d 734, 739, for the proposition that petitioner has abandoned its equity action by seeking relief before the Appeal Board. In *Jacobson*, the court held that an amended complaint for a preliminary injunction was complete in itself and effectively abandoned a prior complaint for a temporary restraining order. (118 Ill. App. 3d 102, 110-11, 454 N.E.2d 734, 739.) In the instant cause, petitioner has proceeded before the county board of review and the Appeal Board. By proceeding before these administrative bodies, petitioner has sought relief that is entirely distinct from the relief sought from a court with the power to grant equitable relief. Therefore, we reject respondent's claim that petitioner has abandoned its equity action by pursuing relief before the Appeal Board. Respondent's motion to dismiss this appeal is denied.

■■ We now reach the merits of the instant appeal. Petitioner contends that the trial court erred in dismissing its complaint for injunctive relief because petitioner had alleged sufficient facts showing that the assessment was fraudulently excessive, that the remedy at law was inadequate and that the failure to give proper notice of the increase rendered the tax invalid. The standard of review on the allowance of a motion to dismiss is that a cause of action should not be dis-

missed on the pleadings unless it clearly appears that no set of facts can be proved which would entitle plaintiff to relief. *Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 187, 380 N.E.2d 790, 794.

■ Where a tax is unauthorized by law or levied upon property exempt from taxation, equity will assume jurisdiction independent of a showing that the remedy at law is inadequate. (*First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 392, 444 N.E.2d 126, 129.) In all other situations, including objections to fraudulently excessive assessments, grounds for equitable jurisdiction exist only where no adequate legal remedy is available. (*Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 107, 306 N.E.2d 299, 302.) Section 111.1 of the Revenue Act of 1939 allows a taxpayer to raise objections to an assessment before the Property Tax Appeal Board, and section 194(a) of the Act provides the avenue of payment under protest. (Ill. Rev. Stat. 1983, ch. 120, pars. 592.1, 675.) Petitioner elected to pursue the administrative remedy of appealing the decision of the county board of review to the Appeal Board. (Ill. Rev. Stat. 1983, ch. 120, par. 592.1.) To be entitled to injunctive relief, petitioner must allege facts showing both that the assessment is fraudulently excessive and that the available legal remedy is inadequate.

In attempting to establish that the assessment in question is fraudulently excessive, petitioner relies upon the 1981 court order which set petitioner's taxes at $308,000 for the years 1980 through 1983 and directed respondent to adjust the assessment accordingly. The 1981 order was entered into "[w]ithout any admission by either party of the correctness of any of the assertions made by the other party." Moreover, the order was restricted by its own terms to affecting only the years 1978 through 1983. Petitioner also points to the discrepancy between its appraisal of the fair market value of the property at $10,900,000 and the county assessor's appraisal of the fair market value at $22,000,000.

■ Even if we were to accept petitioner's contention that the assessment is fraudulently excessive, we believe that petitioner has failed to establish that its remedy at law is inadequate. In *Hoyne Savings & Loan Association v. Hare* (1974), 60 Ill. 2d 84, 322 N.E.2d 833, the court determined that the taxpayer should have been granted equitable relief. However, in finding that the assessment was fraudulently excessive, the court emphasized that the excessive assessment by itself did not render the remedy at law inadequate. (60 Ill. 2d 84, 89, 322 N.E.2d 833, 836.) The court focused on the "unusual circumstances" present in that case, including the fact that the taxpayer

was prevented from exercising its administrative remedy before the board of review, in reaching its conclusion that the remedy at law was inadequate. (60 Ill. 2d 84, 89-90, 322 N.E.2d 833, 836.) *Hoyne* is distinguishable from the instant cause in that here petitioner had the opportunity to object to the assessment before the county board of review and the Property Tax Appeal Board and, therefore, availed itself of the administrative remedy. Consequently, we do not believe that petitioner has alleged sufficient facts establishing that the assessment is so grossly excessive that it alone renders the remedy at law inadequate. *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 108, 306 N.E.2d 299, 303.

Section 111.4 of the Revenue Act of 1939 provides that where an assessment is altered by the Property Tax Appeal Board, any taxes already paid shall be refunded with interest as provided by section 194 of the Act. (Ill. Rev. Stat. 1983, ch. 120, par. 592.4.) Section 194(a) provides that in the event refunds exceed the funds available in the protest fund, the refunds of principal and interest *shall* be paid out of the first funds collected in the following year. (Ill. Rev. Stat. 1983, ch. 120, par. 675.) Petitioner asserts that, should the Appeal Board determine that the assessment is excessive, the refund petitioner would be entitled to will exceed the balance held in the protest fund. Petitioner speculates that this would financially burden the county with the result that the county would require petitioner to accept credits toward the payment of future tax bills. On this basis, petitioner concludes that the legal remedy is inadequate. Petitioner does not support this assertion with any authority.

The use of the word "shall," as employed in section 194 of the Act, is generally regarded as imposing a mandatory obligation. (*People v. Richardson* (1984), 104 Ill. 2d 8, 15, 470 N.E.2d 1024, 1028.) "Shall" will be held to be merely directory only where no advantage is lost, no right is destroyed and no benefit is sacrificed. (*Serpico v. Urso* (1984), 127 Ill. App. 3d 667, 670-71, 469 N.E.2d 355, 358.) Section 194(a) of the Act is designed to safeguard the taxpayer's interest in an expeditious refund. This interest may be harmed by the failure to pay the refund out of the first funds collected in the following year. (*Cf. Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 22, 373 N.E.2d 1332, 1336.) Financial hardship does not release the collector from this mandatory duty. (See *People ex rel. Skidmore v. Anderson* (1974), 56 Ill. 2d 334, 341, 307 N.E.2d 391, 395.) Petitioner's argument that the available legal remedy is inadequate is merely speculative. We believe that the trial court correctly found that petitioner had failed to allege sufficient facts showing that its remedy at law was in-

adequate. If petitioner is not satisfied with the final decision of the Property Tax Appeal Board, it may seek review pursuant to the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1983, ch. 120, par. 592.4; Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*; *Uretsky v. Baschen* (1977), 47 Ill. App. 3d 169, 176, 361 N.E.2d 875, 881.) The legislature, in enacting section 111.1 of the Act, likely contemplated that the Property Tax Appeal Board would render its decision prior to the date that the tax bill became due, and it is unfortunate that the instant course of events did not proceed in this manner. However, we cannot conclude that the circumstances of this cause render the legal remedy inadequate.

■■ In addition to the argument raised above, petitioner contends that it is entitled to injunctive relief, independent of a showing that the legal remedy is inadequate, because the failure to give proper notice of the increased assessment rendered the tax based upon the assessment invalid. Respondent does not contend that proper notice was given, but maintains that an allegation of lack of notice does not render the tax unauthorized by law.

Where a tax is unauthorized by law, equitable relief is available without a showing that the remedy at law is inadequate. (*First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 392, 444 N.E.2d 126, 129.) It is the lack of authority to levy the tax, not its illegality, that forms the basis for equitable jurisdiction. (*Hodge v. Glaze* (1961), 22 Ill. 2d 294, 297, 174 N.E.2d 873, 874.) While lack of notice may render a tax increase invalid (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 22-23, 373 N.E.2d 1332, 1336), it does not follow that the tax is unauthorized by law and that equitable relief is warranted (*Finn v. Tucker* (1980), 81 Ill. App. 3d 1038, 1041, 402 N.E.2d 358, 361). Therefore, the trial court correctly found that petitioner's allegation of improper notice did not entitle petitioner to equitable relief.

For the foregoing reasons, the judgment of the circuit court of Alexander County granting respondent's motion to dismiss is affirmed.

Affirmed.

KASSERMAN, P.J., and WELCH, J., concur.