ILLINOIS POWER COMPANY, Plaintiff-Appellant, v. MICHAEL S. HENKHAUS, County Treasurer, *et al.*, Defendants-Appellees.—THE PEOPLE *ex rel.* MICHAEL HENKHAUS, County Treasurer, Respondent, v. ILLINOIS POWER COMPANY, Objector.

Fifth District   Nos. 5—85—0157, 5—85—0506 cons.

Opinion filed November 13, 1986.

Leo H. Konzen, of Lueders, Robertson & Konzen, of Granite City, for appellant.

Dick Allen, State's Attorney, of Edwardsville (Dan O'Neill, Assistant State's Attorney, of counsel), for appellees County of Madison, Michael S. Henkhaus, and People ex rel. Michael S. Henkhaus.

Mark Levy, of Collinsville, for County of Madison and other appellees.

PRESIDING JUSTICE KASSERMAN delivered the opinion of the court:

Illinois Power Company (taxpayer) has perfected the instant appeals from two judgments of the circuit court of Madison County. In cause No. 5—85—0157, the taxpayer appeals from the order of the circuit court dismissing its amended three-count complaint. This complaint sought a declaratory judgment and injunctive relief with respect to the provisions of the Revenue Act of 1939 relating to tax objection procedures after the payment of taxes under protest. (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 675.) In cause No. 5—85—0506, the taxpayer appeals from a subsequent order entered in a tax-objection proceeding. In that order the circuit court refused to consider

the same issues which the taxpayer had initially raised in its first action.

CAUSE NO. 5—85—0157

On November 28, 1984, the taxpayer filed a three-count amended complaint naming as defendants: Michael S. Henkhaus, the Madison County treasurer and *ex officio* county collector, Madison County, the village of East Alton, Alton Community School Board District No. 11, Civic Memorial Airport, Lewis & Clark Community College, Wood River Township Hospital, and Wood River Township. The amended complaint alleged, *inter alia*, that taxpayer had filed a complaint concerning its 1983 real estate tax assessments and that the assessment complaint was pending before the Property Tax Appeal Board. The amended complaint also alleged that taxpayer had paid a part of the first installments of its 1983 taxes under protest. Count I of the amended complaint sought a judgment declaring unconstitutional the amended statutory provisions relating to the processing of tax monies paid under protest and governing the distribution of refunds to successful protestors (Ill. Rev. Stat. 1983, ch. 120, par. 675 (as amended by Pub. Act 83—67, eff. August 16, 1983). Count II sought a judicial interpretation of such provisions as they pertained to the taxpayer's rights and priorities in the taxes paid under protest. Count III sought injunctive relief prohibiting the county officials from distributing the tax monies paid under protest by taxpayer. On January 18, 1985, the circuit court granted a motion to dismiss the amended complaint, and taxpayer perfected one of the instant appeals, designated as cause No. 5—85—0157 in this court.

■■ ■ With respect to taxpayer's amended complaint seeking equitable relief, we conclude that it was properly dismissed because the taxpayer has an adequate legal remedy provided in the statutory enactment regarding the payment of taxes under protest and tax-objection proceedings. Ill. Rev. Stat. 1985, ch. 120, pars. 675, 716.

It is well settled that in cases involving real estate taxes, independent grounds for equitable jurisdiction exist only when an unauthorized tax is levied or when exempt property is taxed. (*First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 392, 444 N.E.2d 126, 129.) Neither of those circumstances are involved in the case at bar. It is equally well established that equity will assume jurisdiction only where no adequate legal remedy is available. *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 107, 306 N.E.2d 299, 301-02.

Taxpayer does not complain that it does not have an adequate

opportunity to contest the assessments themselves. Instead, it contends that the statutory provisions for paying a refund to successful objectors are unclear as to when and from what tax collections such refunds are to be paid. Taxpayer argues that the provisions are unclear as to the priorities of successful objectors *vis-a-vis* the holders of tax anticipation warrants (see Ill. Rev. Stat. 1985, ch. 146½, par. 1 *et seq.*). Taxpayer urges that county officials will not be able to interpret the amended statute and that the county well may not have sufficient funds to pay taxpayer's refund, if any is forthcoming.

We are not aware of any previous decision on the question of whether or not the specific constitutional questions raised by taxpayer can be heard in a tax-objection proceeding; however, we are not without some guidance.

In *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 312 N.E.2d 252, the taxpayers alleged excessive assessments and sought injunctive relief and also sought a judgment declaring certain assessment procedures invalid. The court in *La Salle National Bank* held:

"The legal remedy by way of payment under protest followed by objections to the application for judgment for delinquent taxes provides an adequate remedy at law wherein the alleged irregularities and violations of plaintiffs' constitutional rights may be litigated and, if warranted, relief granted. This court has held that it is proper to raise constitutional questions arising from alleged improper assessments in this manner." 57 Ill. 2d 318, 324, 312 N.E.2d 252, 255.

In *Rosewell v. La Salle National Bank* (1981), 450 U.S. 503, 67 L. Ed. 2d 464, 101 S. Ct. 1221, a Cook County taxpayer refused to follow the statutory tax-objection procedure and instead sought federal injunctive relief. The taxpayer alleged that by requiring her to pay an allegedly excessive assessment, the Cook County treasurer and assessor deprived her of statutory and constitutional rights. The question presented to the Supreme Court was "whether an Illinois remedy which requires property owners contesting their property taxes to pay under protest and if successful obtain a refund without interest in two years is 'a plain, speedy and efficient remedy' within the meaning of the [Tax Injunction] Act [28 U.S.C. sec. 1341 (1982)]." (450 U.S. 503, 505, 67 L. Ed. 2d 464, 469, 101 S. Ct. 1221, 1225.) The United States Court of Appeals had held that it was not. On appeal to the Supreme Court, the court was concerned with the test for Federal injunctive relief; however, its interpretation of the Illinois statutory scheme is instructive in the case at bar. The court,

citing *La Salle National Bank v. County of Cook* (1974), 57 Ill. 2d 318, 324, 312 N.E.2d 252, 255-56, stated: "There is no doubt that the Illinois state-court refund procedure provides the taxpayer with a 'full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax." (450 U.S. 503, 514, 67 L. Ed. 2d 464, 474, 101 S. Ct. 1221, 1230.) The Supreme Court further stated its opinion in a footnote:

> "Under the Illinois refund procedure, a taxpayer may raise all constitutional objections, including those based on the State's failure to pay interest or to return all unconstitutionally collected taxes, in the Illinois legal refund proceeding \*\*\*." *Rosewell v. La Salle National Bank* (1981), 450 U.S. 503, 516 n.19, 67 L. Ed. 2d 464, 475 n.19, 101 S. Ct. 1221, 1230 n.19.

Further, in *First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 444 N.E.2d 126, our supreme court considered a similar situation. The taxpayer in *First National Bank & Trust Co.* had refused to pay the disputed portion of its assessment, foregoing the statutory tax-objection remedy, and instead filed a complaint seeking injunctive relief alleging, *inter alia*, that it would be forced to borrow money to pay the taxes under protest. The taxpayer argued that requiring it to borrow money, pay interest, and yet forego interest on any refund rendered the legal remedy inadequate. The decision in *First National Bank & Trust Co.* was entered before the General Assembly amended the statute to provide for the payment of interest on refunds. (See Public Act 82—598, eff. Jan. 1, 1982 ("An Act to amend Sections 192(a) and 194 of the 'Revenue Act of 1939,' filed May 17, 1939, as amended").) However, our supreme court specifically rejected the taxpayer's arguments that its being required to borrow money at high interest rates and forego interest on refunded payments rendered the procedure requiring the payment of taxes under protest followed by tax objections an inadequate legal remedy. (*First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 393-94, 444 N.E.2d 126, 129-30.) The court also rejected, on its merits, the taxpayer's argument that the failure to provide interest on refunds constituted an unlawful taking in violation of the fifth amendment (U.S. Const., amend. V). 93 Ill. 2d 388, 395, 444 N.E.2d 126, 130.

The taxpayer in the case at bar urges that the fact that our supreme court considered such issue without referring the taxpayer to the tax-objection procedure leads to the conclusion that such an issue remains a proper subject of an equitable proceeding. However, we note that the constitutional issue was raised for the first time in the

supreme court. We are of the opinion that our supreme court decided the issue as a matter of judicial economy inasmuch as the court remanded the cause to the circuit court with directions to dismiss the complaint. The court's decision on this issue cannot be interpreted as being authority for taxpayer's equitable complaint herein. This conclusion becomes particularly apparent in light of the fact that the supreme court went on to quote with approval from the broad language in *La Salle National Bank v. County of Cook* and *Rosewell v. La Salle National Bank* set out above. Thus, the court reiterated its determination that the statutory proceedings relating to the payment of taxes under protest followed by tax objections provides a proper and adequate procedure for a taxpayer to raise any and all constitutional objections concerning the tax. *First National Bank & Trust Co. v. Rosewell* (1982), 93 Ill. 2d 388, 395-96, 444 N.E.2d 126, 130.

Finally, in *Bunge Corp. v. Lewis* (1986), 146 Ill. App. 3d 1094, 497 N.E.2d 867, the taxpayer argued that the statutory refund procedure was an inadequate legal remedy because the taxpayer might be entitled to a refund greater than the funds set aside in the protest fund (Ill. Rev. Stat. 1983, ch. 120, par. 675). This court determined that petitioner's argument was merely speculative and affirmed the trial court's ruling that the taxpayer had failed to allege sufficient facts to show that its legal remedy was inadequate. 146 Ill. App. 3d 1094, 1099-1100, 497 N.E.2d 867, 870.

We note that the statutory provision for the tax-objection hearing provides that the circuit court shall hear and determine the objections "in a summary manner, without pleadings." (Ill. Rev. Stat. 1985, ch. 120, par. 716.) Nevertheless, the prior decisions referred to above are authority for the proposition that constitutional questions concerning the assessment procedure and interest on refunds, and the issue of the adequacy of the refund procedure itself, may properly be raised in tax-objection proceedings. Consequently, we conclude that all the issues raised by taxpayer's complaint in cause No. 5—85—0157 could have been made the subject matter of the statutory tax-objection proceedings. Therefore, the trial court properly found that taxpayer had an adequate remedy at law and properly dismissed the amended complaint in such cause.

CAUSE NO. 5—85—0506

On February 22, 1985, the taxpayer filed its objection to the county collector's application for judgment and order of sale for delinquent taxes and taxes paid under protest (see Ill. Rev. Stat. 1985,

ch. 120, pars. 706, 710), alleging the same constitutional infirmities in the procedures for handling the protest monies and refunds. The objection sought to join the specified taxing units as parties to the proceeding and also sought a judicial interpretation of section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 675 (as amended by Pub. Act 83—67)). After a hearing, the circuit court determined that it had only limited jurisdiction in the tax-objection proceeding and that it could not consider the taxpayer's constitutional arguments concerning protest monies and the refund procedure. We allowed the taxpayer's application for leave to appeal pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). This appeal has been designated as cause No. 5—85—0506 on appeal and it has been consolidated with cause No. 5—85—0157 for oral argument and decision.

In the tax-objection proceeding which is involved in the instant appeal, the circuit court certified two questions to this court pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308): (1) whether the circuit court acquires jurisdiction over all parties in interest in a tax-objection proceeding under section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 716) in order to issue binding interpretations of the statutory refund provisions (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 675); and (2) whether a declaratory judgment can be sought and rendered under the provisions of section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 716).

■ With respect to the first question, on the basis of the allegations in taxpayer's objection, it appears that the county collector is the only necessary party. The taxpayer's objection attacks specifically only the validity of the refund procedures. It is the county collector who bears the statutory responsibility for receiving taxes paid in full and those taxes paid under protest, for administering such funds, and, ultimately, for distribution of funds to taxing bodies or of refunds to successful objectors. (Ill. Rev. Stat. 1985, ch. 120, pars. 671 through 677.) The county collector also bears the statutory responsibility for bringing the application for judgment and sale, which is the basis of the tax-objection proceeding. (Ill. Rev. Stat. 1985, ch. 120, pars. 706, 710, 716.) He has done so in cause No. 5—85—0506.

While the taxpayer named various taxing units in its objection and alleges that they will be affected by a decision of the court, we fail to perceive how a decision on the constitutionality of the refund procedure requires the presence of the taxing units as necessary parties. In any event, section 194 of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 675) provides that the county clerk shall give notice of the filing of tax objections to the custodian of funds

for each tax levying unit whose tax monies may be affected by the taxpayer's objection. Section 235 also requires the court to ascertain that due notice has been given to the tax levying unit, if required, before proceeding to a hearing on the tax objection. It is our conclusion that such notice is all that is required with respect to the tax levying units before the court determines the issues raised in the objection. The case of *People ex rel. School District 118 v. Reinhardt* (1961), 21 Ill. 2d 153, 171 N.E.2d 660, cited by taxpayer, is distinguishable because it was a *mandamus* action in the supreme court and did not involve the statute described herein.

■ The second question certified by the trial court in cause No. 5—85—0506 is whether a declaratory judgment can be sought and rendered under the provisions of section 235 of the Revenue Act of 1939 (Ill. Rev. Stat. 1983, ch. 120, par. 716). In answer to this question, and consistent with our determination that the trial court did not err in dismissing plaintiff's complaint for declaratory judgment and injunctive relief in cause No. 5—85—0157, we conclude that the taxpayer properly could raise its constitutional objections to the refund procedure in the tax-objection proceeding.

Since the trial court determined that it was not at liberty to consider such objections, taxpayer was not afforded an opportunity to be heard regarding its objections; therefore, we remand cause No. 5—85—0506 to the trial court for a hearing on the merits of taxpayer's objections.

In light of the foregoing, the judgment of the circuit court in cause No. 5—85—0157 dismissing taxpayer's complaint is affirmed. The judgment in cause No. 5—85—0506 is reversed and the cause is remanded for further proceedings consistent with the opinion in this case.

Affirmed as to cause No. 5—85—0157; reversed and remanded as to cause No. 5—85—0506.

JONES and KARNS, JJ., concur.